IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WORTH BEAUTY LLC, | § | |
| | § | |
| *PLAINTIFF*, | § | |
| v. | § | CASE NO. _____ |
| | § | |
| ALLSTAR PRODUCTS GROUP, LLC | § | |
| | § | JURY TRIAL REQUESTED |
| *DEFENDANT.* | § | |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Worth Beauty LLC ("Worth Beauty" or "Plaintiff") files this Original Complaint against Defendant Allstar Products Group, LLC ("Allstar" or "Defendant") and would show the Court the following:

**I.     PARTIES**

1.      Plaintiff Worth Beauty is a Virginia limited liability company with its principal place of business at 3101 Richmond Avenue, Suite 120, Houston, Texas 77098.  All pleadings may be served on Worth Beauty through its attorney-in-charge, David K. Anderson, Anderson & Cunningham, P.C., Four Houston Center, 1221 Lamar, Suite 1115, Houston, Texas 77010.

2.      Defendant Allstar Products Group LLC, is a New York limited liability company with its principal place of business at 2 Skyline Drive, Hawthorne, New York 10532.  Allstar may be served with process through its registered agent for service of process, Robert Lawrence, Esq., Kane Kessler, 1350 Avenue of the Americas, New York, New York 10019.

**II.     NATURE OF ACTION, JURISDICTION AND VENUE**

4.      This is an action for (a) trade dress infringement, unfair competition, and false designation of origin under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*; (b) common law trade

dress infringement; (c) infringement of trademarks under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*; (d) infringement of copyrights under the Copyright Act of the United States, 17 U.S.C. §§ 501 *et seq.*; (e) common law trademark infringement; (f) common law unfair competition; (g) unjust enrichment; and (h) advertising injury through misappropriation of advertising ideas.  The state law claims are substantially related to the claims arising under federal law; and as a result, this Court has ancillary jurisdiction over those claims.

5.       This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, and 1367.  This Court has federal question jurisdiction over this case because Worth Beauty has brought claims against Defendants under the Lanham Act, 15 U.S.C. §§ 1051 *et seq*, and the United States Copyright Act, 17 U.S.C. §§ 501 *et seq.* This court has the power to resolve the related state law claims under principles of pendent, supplemental and/or ancillary jurisdiction. This Court also has subject matter jurisdiction of this case under § 1332 because there is diversity of citizenship and the amount in controversy exceeds $75,000.

6.       The Court has specific and general personal jurisdiction over Defendant pursuant to the Texas Long Arm Statute for the following reasons: Defendant is present within or have minimum contacts within the State of Texas and the Southern District of Texas; Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and the Southern District of Texas; Defendant regularly conducts and/or solicits business and engages in other persistent courses of conduct within the State of Texas and within the Southern District of Texas; Defendant has derived substantial revenues from its business activities, including their infringing acts, occurring within the State of Texas and the Southern District of Texas; and Plaintiff's causes of action arise directly from Defendant's activities in the State of Texas and in the Southern District of Texas.

7.     More specifically, Defendant directly and/or through authorized intermediaries, ships, distributes, offers for sale, sells, leases, markets, and/or advertises infringing products in the State of Texas, and the Southern District of Texas, including but not limited to the marketing, offering for sale, sale, and distribution of Defendant's Airtouch rotating makeup brush. Defendant solicits customers for its products in the State of Texas and in the Southern District of Texas through its Airtouch Brush website (www.airtouchbrush.com), national advertising, infomercials on national television, and appearances on national televised shopping networks. Defendant sells its products, including the infringing Airtouch rotating makeup brush, in the State of Texas and the Southern District of Texas through internet websites, such as the Airtouch Brush website (www.airtouchbrush.com) and HSN, thereby committing conduct in this state that is in violation of both state and federal law.

8.     Defendant has committed infringing acts both inside and outside the State of Texas and the Southern District of Texas that have caused injury to Worth Beauty within this state, and Defendant regularly does or solicits business, engages in other persistent course of conduct, or derives substantial revenue from goods used or consumed in the State of Texas and the Southern District of Texas, or expect or should reasonably expect the infringing acts at issue herein to have consequence in this state.

9.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), 1400(a) and/or 1400(b).   Defendants have transacted business in this judicial district, and have directly and indirectly committed and/or induced acts of copyright, trademark, and trade dress infringement in this district.  Additionally, Worth Beauty is the owner of intellectual property, including, copyrights, trademarks, and trade dress that are the subject of this litigation, and Worth Beauty resides in the Southern District of Texas.   Worth Beauty developed the

3

blend**SMART** makeup brush and its associated intellectual property, including copyright protected videos, packaging, product instructions and inserts, website trademarks, and trade dress, at least in part in the Southern District of Texas.  Worth Beauty commercialized and used the protected intellectual property in the Southern District of Texas.  In addition, Defendant misappropriated intellectual property developed and maintained in Houston, Texas.

## IV.  FACTUAL BACKGROUND

10.     Worth Beauty develops, markets, and sells cutting-edge beauty products.  The company's strategy is to combine technology with innovative design to create beauty products that are easy to use and more effective than conventional tools or methods.   It is a growing company that is expanding its products through innovation.    Worth Beauty's mission is to achieve for makeup application what other automatic tools have done for skincare and oral care.

11.     The company's flagship product line is a first-of-a-kind Automated Makeup Brush System™ for the application of makeup and other beauty products, which is sold under the trademark blend**SMART**.  The blend**SMART** automatic motorized makeup brush represents a breakthrough in the beauty industry. Worth Beauty developed the blend**SMART** brush system, and now markets and sells the blend**SMART** brush system internationally.  Worth Beauty is the owner of all intellectual property rights relating to the blend**SMART** automated makeup brush system.

12.     Worth Beauty's blend**SMART** rotating makeup brush system includes an automated ergonomic handle and interchangeable brush heads.  The interchangeable brush heads spins at approximately 190 RPMs and mimics the motion of professional makeup artists to deliver flawless blending.  Worth Beauty currently offers the original blend**SMART** rotating makeup brush system, the recently introduced blend**SMART**[2] rotating makeup brush system, and a number of additional blend**SMART** interchangeable brush heads for the blend**SMART**  and for the

4

blend**SMART**[2].  The offered interchangeable brush heads include a blush brush head, definer brush head, powder brush head, and full coverage and finishing brush head. These products allow the customer to easily change out the brush head, while utilizing one handle.

13.     In April 2015, the blend**SMART** rotating makeup brush debuted on QVC, a television network, specializing in televised home shopping.  The blend**SMART** brush was sold as the Doll 10 Beauty blend**SMART** Rotating Makeup Brush System, and it was featured on QVC's domestic channel as well as QVC's international channels in England, Italy, and Germany. Initially, the product was exclusively available through QVC for a period of six (6) months as required by QVC policy, and the product was very well received by customers and the beauty industry.

14.     Today, the blend**SMART** and blend**SMART**[2] brush systems and the additional removable and interchangeable brush heads are available online through the company's website.[1] Worth Beauty's blend**SMART** and blend**SMART**[2] products are also available for sale online through Sephora's website[2] and through websites of domestic and international authorized dealers.  The blend**SMART** and blend**SMART**[2] products may also be purchased at domestic and international brick and mortar prestige boutiques.

15.     Worth Beauty has developed several other trademarks that it has continuously used to promote and market its blend**SMART** products, including "A Revolution in Makeup Application™" and "Natural Looking Results with Confidence™."  Worth Beauty has acquired ownership of these trademarks by adopting and continuously using these trademarks in such a way that the public and the industry associates theses marks with Worth Beauty's automated makeup brush and accessories.

---

[1] https://www.blendsmart.com/
[2] http://www.sephora.com/blendsmart

16.     Worth Beauty has acquired intellectual property rights in the blend**SMART** and blend**SMART**[2] automated makeup brush systems, including the inherently distinctive and non-functional dimensions of the motorized handles; the dimensions of the handles' base caps; the placement of the on-off switches; the use of removable and interchangeable heads; and the color, shape, and dimensions of the removable and interchangeable heads.  The individual features and elements of the blend**SMART** and blend**SMART**[2] automated makeup brushes; the combination of such features and elements; and the look, appearance, and image of the product, including its packaging, product instructions and packaging inserts, advertising, color schemes, layout, font selection, marks, logos, and catch phrases, taken as a whole and in combination, identify the brush as originating exclusively with Worth Beauty.  This trade dress has developed a secondary meaning and is recognized throughout the industry.  The public associates this trade dress with Worth Beauty's blend**SMART** and blend**SMART**[2] products.  Worth Beauty has spent considerable resources to develop the goodwill associated with these products and their associated intellectual property.  As a result, it has substantial economic value and the potential to acquire a great deal more economic value.

17.     As an integral part of its efforts to market, advertise, distribute and sell the blend**SMART** and blend**SMART**[2] products, Worth Beauty designed original packaging for its automated makeup brush systems and the removable interchangeable brush heads; created product instructions that accompany each product; created product advertising; and developed and published a  blend**SMART** website.  Worth Beauty has invested substantial resources to the design, creation, and development of its packaging, advertising, and promotional materials, including hiring graphic artists and designers to create the packaging and advertising under Worth Beauty's direction.

6

18.    In Spring 2017, Worth Beauty became aware that Defendant was selling a virtually identical rotating makeup brush called the "Airtouch Rotating Makeup Brush." Defendant has been causing confusion in the market and trading off the goodwill of the blend**SMART** products.  Customers, potential customers, and others are confused because the brushes and brush heads are virtually identical, and the Defendants' marketing and promotional materials are deceptively similar.

19.    Defendant is a consumer products company that markets "as seen on TV" products, including the "Airtouch Rotating Makeup Brush", all over the world through direct response television, the internet, direct mail, and other retail channels."  Defendant describes the "Airtouch Rotating Makeup Brush" as a "portable rotating makeup brush intended to help users apply foundations and other bases to the face with even proportions."   Defendant's Airtouch brush system is sold with a rotating applicator, a removable and interchangeable foundation brush head, and a "free, bonus" removable and interchangeable powder brush head.

20.    Defendant sells its infringing Airtouch rotating makeup brush system through the Airtouch Brush website (www.airtouchbrush.com).  The Airtouch makeup brush, including two removable and interchangeable heads, is now available for purchase on HSN's websites.[3]

21.    Defendant is selling copies or colorable imitations of the blend**SMART** automated makeup brush and interchangeable brush heads in interstate commerce, causing confusion, mistake or deception.  The blend**SMART** automated makeup brush and the Airtouch brush are virtually identical in appearance, except Defendant's products are manufactured with inferior materials, including a plastic handle and cheaper brush head materials. However, the blend**SMART** automated makeup brush system and the Airtouch brush system are virtually identical in appearance, including size and shape of the brush handle and basic cap; size,

---

[3] https://www.hsn.com/products/airtouch-rotating-makeup-brush-with-2-brush-heads/8357139

location, and appearance of the on-off switch; the use of removable and interchangeable brush heads; and the type, size, shape, and color of the removable and interchangeable brush heads. The blend**SMART**$^2$ automated makeup brush system and the Airtouch brush system are strikingly and confusingly similar, in fact almost identical, in appearance. A consumer who purchases Defendant's Airtouch rotating makeup brush is likely to be confused into believing it is purchasing a product from the same source as the blend**SMART** and blend**SMART**$^2$ automated makeup brush systems.

22.     Defendant's Airtouch automated makeup brush system is virtually identical to Worth Beauty's blend**SMART** automated brush system, including size and shape of the brush handle and basic cap; size, location, and appearance of the on-off switch; the use of removable and interchangeable brush.  As the following side-by-side comparison shows, Defendant copied Worth Beauty's blend**SMART** automated brush system (black) in developing its Airtouch rotating makeup brush (purple):



23.     In addition, as the following side-by-side comparison shows, Defendant copied Worth Beauty's automated makeup brush system and is selling a rotating makeup brush with removable and interchangeable brush heads (top with purple handle) that are identical, or at a minimum, deceptively and confusingly similar to Worth Beauty's blend**SMART** (middle with

black handle) and blend**SMART**[2] automated brush systems (bottom with black handle).  When Defendant's Airtouch brush (top with purple handle) is placed alongside Worth Beauty's blend**SMART** and blend**SMART**[2] automated makeup brush systems, customers are likely to confuse the products and their sources of origin.



24.     Defendant sells its Airtouch makeup brush and brush heads through the Airtouch website (www.airtouchbrush.com), and Defendant recently presented the Airtouch on HSN, a national shopping network providing televised home shopping.  The handles for the Airtouch brush sold through the Airtouch website (top) and the Airtouch brush sold through HSN (second from top) are identical to the handle for the blend**SMART** automated brush system (second from bottom) and strikingly and confusingly similar to the handle for the blend**SMART**[2] automated brush system (bottom):

**Defendant's Airtouch brush (Airtouch website)**



**Defendant's Airtouch brush (advertised and sold through HSN)**



**Plaintiff Worth Beauty's blendSMART (top) and blendSMART<sup>2</sup> (bottom)**



25.     Defendant's removable and interchangeable Airtouch brush heads are identical, or at least, strikingly and confusingly similar to Worth Beauty's blend**SMART** brush heads, including shape and color:

**blendSMART foundation brush head**          **Airtouch foundation brush head**







10

**blendSMART blush brush head**



**Airtouch blush brush head**



**blendSMART full coverage foundation finishing brush head**



**Airtouch finishing brush head**



**blendSMART defining brush head**



**Airtouch defining brush**



**blendSMART powder brush head**



**Airtouch powder brush head**



26.     The dimensions of the motorized handle and the base cup of Defendant's Airtouch brush, along with its removable and interchangeable foundation brush head, are identical, or at least strikingly similar, to Worth Beauty's blend**SMART** automated makeup brush handle, base cap, and removable and interchangeable brush heads:

| blend**SMART'S** Dimensions | Defendant's Airtouch Dimensions |
|---|---|
| blend**SMART** handle measurements (not including brush head):<br>Length:  146.05 mm<br>Top:  29.70 mm<br>Middle 22.59 mm<br>Bottom upper:  20.04 mm<br>Bottom lower:  25.07 mm | Airtouch handle measurements (HSN) (not including brush head):<br>Length:  152.78 mm<br>Top:  29.68  mm<br>Middle 25.5 mm<br>Middle (without rubber):  22.85<br>Bottom upper:  20.04 mm<br>Bottom lower:  25.07 mm |
| blend**SMART** base cap measurements:<br>Length: 31.75 | Airtouch base cap measurements (HSN):<br>Length:  38.11 mm |
| blend**SMART** foundation brush head measurements:<br>Length:  62.67 mm<br>Upper Cap:  30.09 mm<br>Middle Cap: 26.68 mm<br>Lower Cap:  25.25 mm | Airtouch foundation brush head measurements (HSN):<br>Length:  64.32 mm<br>Upper Cap:  30.24 mm<br>Middle Cap: 26.73 mm<br>Lower Cap:  26.26 mm |

27.     The interior packaging of Defendant's Airtouch product is also strikingly similar to the packaging for Worth Beauty's blend**SMART** automated makeup brush system.   A side by side comparison of the interior packaging shows the similarities with Defendant's Airtouch brush on the left and the blend**SMART** automated makeup brush system on right:[4]

---

[4] The Airtouch brush is sold with a "rotating applicator," a "foundation brush head," and a free or bonus "powder brush head", and the product includes the lithium battery and user guide.  The blend**SMART** automated makeup brush system includes the automated handle, rotating brush head, CR123A lithium battery, and user guide.   The blend**SMART** interchangeable powder brush head is available for purchase separately.



28.     The blend**SMART** and Airtouch products are so similar that the removable blend**SMART** brush heads are interchangeable with the removable Airtouch brush heads, meaning that a consumer can place a blend**SMART** brush head on the Airtouch base and the brush head will rotate.  And the reverse is true as well - a consumer can place an Airtouch brush head on the blend**SMART** automated makeup base, and the brush head will rotate.  Likewise, the bottom caps are interchangeable – the Airtouch bottom cap can be screwed onto the base of the blend**SMART** handle, and the blend**SMART** product will work.   And the reverse is true as well.   In the photograph below, the Airtouch foundation brush head and purple base cap have been placed on the blend**SMART** handle base, and the blend**SMART** foundation head and black base cap have been placed on the Airtouch purple motorized handle base:



29     Defendant's Airtouch products have substantially similar product instructions, product descriptions, and advertising and promotional materials.  Defendant's adoption and use of Worth Beauty's copyright protected product instructions, advertising, and promotional materials was done with the intent and purpose of misleading and deceiving the public, and unfairly capitalizing on Worth Beauty's initiative and goodwill.

30.     Defendant's product descriptions for the Airtouch brush are confusingly similar, if not virtually identical, to Worth Beauty's copyright protected product descriptions on the blend**SMART** packaging and website:

| blend**SMART** | Airtouch |
|---|---|
| Our blend**SMART** rotating brush creates a beautifully blended finish for your most flawless application ever. | A Beautifully Blended, Flawless Application |
| Easy to Use  no skills needed | Easy to Use – no skills needed |
| Blends Evenly  no lines or streaks | Blends Evenly – no lines or streaks |
| Better Coverage  less makeup | Better coverage – less makeup |
| Flawless Finish • less makeup | Flawless Finish – in less time |
| blend**SMART's** easy-to-use makeup tool provides air-brush like results. Perfectly calibrated rotating motion for airbrush-lie results. | Airbrush like results without the hassle |
| Slowly glide across your face side-to-side and up and down | Glide the brush side to side and up and down with light pressure |

31.     Defendant's product descriptions for its Airtouch interchangeable brush heads are very similar to the product descriptions on the blend**SMART** and blend**SMART**[2] packaging and the blend**SMART** website:

| blendSMART | Airtouch |
|---|---|
| blendSMART Definer Brush Head:  This brush provides precision placement of product to conceal, accent and detail around areas such as your eyes, nose, and hair line.<br><br>blendSMART² Definer Brush Head:  This detail head is great for precise placement of product to conceal, define, and detail the eyes, nose, and hairline.  Works well with concealers, contouring, and highlighting! | Airtouch Definer Brush Head:  Precision application around the nose, eyes, and hair line.  *Detail/Contour/Conceal* |
| blendSMART Full Coverage and Finishing Brush Head:  Use this brush head with all foundation formulations to create buildable coverage. With a rounded head and dense fibers, this brush head is also perfect for finishing with your favorite powder makeup.<br><br>blendSMART² Full Coverage and Finishing Brush Head:  The dome shaped full coverage and finishing head magnetically attaches to the blendSMART2 rotating makeup applicator. Spinning at 190 RPM, this is our most dense head for pro blending. The synthetic fibers gently rotate to effortlessly blend and works especially well with heavier formulations, touch ups, buffing and finishing. | Airtouch Finishing Brush Head:  Rounded shape for all over coverage and a perfect finish.  *Buffing/Blending* |
| blendSMART Blush Brush Head:  Rounded tip designed to effortlessly sweep along the cheek bone for precise application.<br><br>blendSMART² Blush Brush Head:  Spinning at 190 RPM, its gentle rotating motion effortlessly blends and buffs your blush for natural looking results every time. You can even buff out makeup mistakes. Great for powder and liquid blush, bronzing and highlighting. | Airtouch Blush Brush Head:  Specially designed shape glides easily along cheek bone. *Highlighting/Bronzing/Buffing* |

32.     The Airtouch rotating brush "Instruction Manual", which is provided to customers with the purchase of each Airtouch brush, is confusingly similar, if not virtually identical, to the

15

blend**SMART** copyright protected product instructions.   A copy of the Airtouch "Instruction Manual" is attached to as Exhibit "A."   For example, the blend**SMART** automated makeup brush system instructions include graphics illustrating how to use the makeup brush to apply liquid makeup and how to blend makeup with the blend**SMART** brush.   The Airtouch product instructions include virtually identical product instructions and graphics.   For example, the Airtouch instructions include a graphic illustrating how to use the Airtouch brush to apply liquid makeup.  The Airtouch instruction manual also includes a graphic showing the customer how to blend makeup using the Airtouch rotating makeup brush.   A side by side comparison shows that Defendant blatantly copied the blend**SMART** automated makeup brush system instructions:



| blend**SMART** | Airtouch |
| --- | --- |
| | |
| blend**SMART** | Airtouch |

33.     Defendant did not just blatantly copy Worth Beauty's product graphics – it also copied the customer instructions on how to apply and blend your liquid makeup and how to apply powder foundation:

|  blend**SMART** | **Airtouch** |
|---|---|
| APPLY YOUR MAKEUP, pull your hair away from your face. Then choose your favorite makeup.  Never poor liquid makeup on your brush head.  DOT YOUR FACE with a small amount. Less is more!<br><br>For liquid makeup, apply dots to each part of your face.  You can always reapply as needed! | APPLY.  Important, keep hair away from your face using a band or hair tie.  Dot your face with liquid or cream makeup.  Only a small amount is required.  DO NOT pour liquid makeup onto the brush head |
| BLEND YOUR MAKEUP.  FOR BEST RESULTS do not apply in a circular motion . . . let the brush do the work for you!  TURN ON the rotating brush applicator.  START blending your makeup by holding the ergonomic applicator and gliding it slowly across your face.  Side-to-side and up-and-down while applying the necessary pressure to achieve your desired makeup coverage.  AVOID YOUR HAIRLINE AND EYES. | BLEND.  Turn the brush on.  Glide the brush slowly around your face in the direction shown for each area.  Use light pressure with side to side or up and down motion.  DO NOT use a circular motion.  Avoid your lips, hairline, and eyes.  Continue until blended evenly. |
| For powder makeup, in the "off" position, dab the brush head directly into your makeup.  Then tap off any excess product. | Ensure the unit is powered off.  Lightly pat the brush head directly into the powder makeup.  Blend makeup using the light pressure with side to side or up and down motion.  DO NOT use a circular motion. |

34.     Defendant's Airbrush instruction manual (Exhibit "A") also includes a nearly identical graphic featuring and showing how to use its identical interchangeable brush heads with its identical motorized brush handle:

blend**SMART**



**INTERCHANGEABLE BRUSH HEADS**
We offer separate brush heads for powder, blush and more.
Change the brush heads. Not the handle.

Airtouch



35.     The blend**SMART** brush spins at approximately 190 RPM, and that fact is described throughout Worth Beauty's advertising, packaging and other promotional materials. For example, the front of the blend**SMART**[2] brush system product packaging prominently features the phrase, "spins at 190 RPM for airbrush-like results."   Worth Beauty's product videos and website also include references to the fact that the "interchangeable brush heads spin at 190 RPMs."   On Defendant's promotional materials for the Airtouch brush, including its instruction manual and product website, Defendant states that the Airtouch brush also spins at "190 RPM", just like the blend**SMART** automated makeup brush:  "Brush head rotates at 190 RPM to apply makeup faster, easier and Streak-free."[5]   On the HSN website, Defendant advertises that the Airtouch "base rotates the brush at a full 360 degrees at 190 rotations per minute."[6]   During the HSN product presentations, the Airtouch representative and HSN hosts repeatedly state that the Airtouch brush spins or rotates at 190 RPM.   However, the Airtouch brush actually spins at 245 RPM, not at 190 RPM as Defendant advertises.   This is just another example of Defendant's

_____

[5] https://www.airtouchbrush.com/ATRB/2.0000/Index.dtm?sotsid=4073
[6] https://www.hsn.com/products/airtouch-rotating-makeup-brush-with-2-brush-heads/8357139

blatant copying of Worth Beauty's products, advertising, and promotional materials in an effort to sell, advertise, and promote Defendant's counterfeit makeup brush.

36.     Defendant represents that Taylor Baldwin is the inventor of Defendant's counterfeit automated rotating makeup applicator.  On the Airtouch website, Defendant features Taylor Baldwin as "Inventor and Producer."  Defendant represents to the public and consumers that Ms. Baldwin has "long been a trusted name in health and beauty dedicated to seeking out (or inventing) the best products and tips!"[7]  Ms. Baldwin did not invent the Airtouch rotating makeup brush.  The Airtouch brush is a counterfeit product and blatant imitation of the blend**SMART** automated makeup brush that was invented and developed by Carol Martin and Steve Machiorlette.

37.     Worth Beauty has adopted and continuously used the trademark "A revolution in makeup application™" on the blend**SMART** packaging, advertising, website, and promotional materials. In its blend**SMART** product video, Worth Beauty concludes the video with its trademarked phrase, "blend**SMART** is a revolution in makeup application."   Defendant is now routinely using the same phrase to describe its automatic makeup brush in its marketing efforts and across social media.  For example, Taylor Baldwin opens Defendant's Airtouch product video by stating that the Airtouch brush is a "revolutionary rotating makeup brush that guarantees professional makeup artist results without the expense and time commitment."

38.     The blend**SMART** packaging has featured graphics comprised of a small circular arrow with the phrase "360° brush spin" or "360°" inside.  These graphics are featured on the cover of the front of the blend**SMART**[2] box, the box tops of the interchangeable brush heads, and blend**SMART** website. The front and box of the blend**SMART**[2] box feature a photograph of the automated makeup brush with circular lines rotating around the top of the brush head.  The

---

[7] https://www.airtouchbrush.com/ATRB/2.0000/Index.dtm?sotsid=4073

graphics are intended to emphasize to consumers that the blend**SMART** makeup brush rotates, thus the use of the circular arrow. On its Airtouch brush website, Defendant has included a graphic comprised of circular rotating lines in the "Airtouch rotating makeup brush" logo. The graphics are shown below:

**blendSMART**




**Airtouch**



39.     The use of the circular rotating lines was copied from the blend**SMART** packaging and advertising and is intended to lead consumers to confuse the Airtouch brush with the blend**SMART** brush system. Defendant is deliberately trying to mislead and confuse potential customers and the market regarding the competing brushes, and thereby trade off of and gain an economic advantage from blend**SMART** success and goodwill.

40.     In Defendant's online video presentation on the Airtouch website and in its infomercials for the Airtouch brush, Defendant states that its Airtouch rotating brush, along with

a bonus powder brush head, is "only $39.95" and that the products are "an $80.00 value." During its HSN product presentations, the Airtouch representative and HSN hosts repeatedly represent that "normally these rotating brushes are expensive, about one hundred dollars," but the Airtouch brush is only $39.95. Defendant is referencing Worth Beauty's blend**SMART** automated makeup brush systems that retails for $69.00 for a starter set, including the motorized brush and universal foundation head and $26.00 for an additional interchangeable brush head. Defendant's statements and representations regarding the value and price of the Airtouch brush are intended to deceive inform customers, potential customers, vendors, potential vendors, and/or end users into thinking (1) that Defendant and/or its products are somehow approved, sponsored, licensed by, or affiliated with, Worth Beauty; and/or (2) that the Airtouch brush and the blend**SMART** automated makeup brush systems are the same when the two brushes are not of the same origin and are not comparable in terms of quality and performance.

41.     Defendant's systemic and repeated unauthorized use of Worth Beauty's intellectual property for a directly competing makeup brush, provided to the same class of customers, through similar marketing channels, has caused confusion and is likely to continue to cause confusion in the future. The Defendant's actions tend to cause mistakes, and/or to deceive customers, potential customers, vendors, potential vendors, and/or end users into thinking that Defendant and/or its products are somehow approved, sponsored, licensed by, or affiliated with, Worth Beauty.

42.     Worth Beauty's blend**SMART** and blend**SMART**[2] automated makeup systems and Defendant's Airtouch brush system are marketed and sold to the same prospective customer base and through the same channels of trade, including televised shopping networks and the internet. Customers, potential customers, vendors, potential vendors, and/or end users are likely to

mistake and/or be confused about the source, sponsorship, origin and affiliation of Defendant's Airtouch makeup brush based on Defendant's use of Worth Beauty's blend**SMART** intellectual property, including trade dress, trademarks, and copyright protected packing and advertising and promotional materials.

43.     Customers who are dissatisfied with Defendant's similar product are likely to attribute their dissatisfaction to Worth Beauty's product, thereby eroding the goodwill Worth Beauty enjoys with the purchasing public.  Comments on the Airtouch product page on the HSN website show that customers are unhappy with the quality of the Airtouch rotating makeup brush system.  Some examples are:

- "This brush is cheaply made, and it doesn't blend out nicely at all.  I will be returning it unfortunately."

- "Needs improvements.  Poor quality brushes, they actually hurt around the eye area. Returning."

- "Didn't Work. . . . The brush barely turned and each time I put it on my face, it stopped. Either it is not powerful enough, or the battery isn't strong enough.  After using 4 times, the battery died completely.  I returned the product."

- "Not worth it.  This was a waste of money, it leaves streaks on my face and I have to go over my foundation with a regular blending brush. It reminds me of painting wood and seeing the brush strokes on it."

- "Fail.  Worked for 5 minutes. Good concept, bad execution."

44.     Customers and potential customers have noted and reported similarities between Worth Beauty's blend**SMART** and blend**SMART**[2] automated makeup systems and Defendant's Airtouch brush system, related videos and packaging and promotional materials, and have been confused as a result of Defendants' use of Worth Beauty's blend**SMART** and blend**SMART**[2] Intellectual property, including trade dress, trademarks, and copyright protected packing and advertising and promotional materials.

22

45.     Defendant's unauthorized activities undermine Worth Beauty's goodwill that would be otherwise associated with the blend**SMART** and blend**SMART**$^2$ product lines.  This has negatively impacted Worth Beauty's ability to develop and promote the blend**SMART** brand and to have that brand associated exclusively with its own products.  Worth Beauty has been damaged by Defendant's violation of Worth Beauty's blend**SMART** and blend**SMART**$^2$ intellectual property rights.

46.     Defendant's Airtouch makeup brush system is intentionally and confusingly similar to Worth Beauty's blend**SMART** and blend**SMART**$^2$ automated makeup brush systems. Defendant's packaging, product instructions and inserts, and promotional and advertising materials are intentionally and confusingly similar, and in many case virtually identical, to Worth Beauty's packaging, product instructions and inserts, and promotional and advertising materials for the blend**SMART** and blend**SMART**$^2$ automated makeup brush systems.   Defendant did not just use Worth Beauty's products and advertising as inspiration.  Rather, Defendant copied Worth Beauty's automated makeup brush systems and its product packaging and instructions trademarks, and advertising and promotional materials.  Defendant's infringement of Worth Beauty's intellectual property rights is willful and deliberate.

## V.     CAUSES OF ACTION

### COUNT I:  FEDERAL COPYRIGHT INFRINGEMENT

47.     Worth Beauty refers to and incorporates herein the allegations of Paragraphs 1 through 46 above.

48.     The actions and conduct of Defendant set forth above violate 18 U.S.C. § 501. Worth Beauty owns copyrights to its packaging, including packaging graphics and copy, its

product instructions and inserts, its advertising, and its blend**SMART** website, including content, copy, photographs, and graphics.

49.     These copyrighted works were widely disseminated to the public, through Worth Beauty's product packaging, product instructions and inserts, and website, and Defendant had open and easy access to each of these works.  Defendant copied these works for its own use and financial benefit and gain without obtaining permission or license from Worth Beauty.

50.     Defendant's acts of infringement have caused, and will continue to cause, damage to Worth Beauty, and are causing irreparable harm to Worth Beauty.

51.     Defendant engaged in willful acts that infringed the copyrights.  Defendant knew that those acts infringed the copyrights.

## COUNT II:  FEDERAL TRADE DRESS INFRINGEMENT

52.     Worth Beauty refers to and incorporates herein the allegations of Paragraphs 1 through 52 above.

53.     Defendant's conduct and actions set forth above constitute infringement of Worth Beauty's trade dress, unfair competition, and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  Defendant has intentionally engaged in conduct that constitutes false advertising, false designation of origin, false or misleading representation of fact tending wrongfully and falsely to describe or represent a connection between Worth Beauty's automated makeup brush systems and Defendant's automated makeup brush, and an infringement of Worth Beauty's trade dress rights.

54.     Defendant's use of Worth Beauty's trade dress has caused and is likely to cause confusion, mistake, or deception in that purchasers and others are likely to assume that Defendant's automated makeup brushes marketed under Worth Beauty's blend**SMART** trade

dress are Worth Beauty's automated makeup brushes, or are sponsored by, or connected or affiliated with Worth Beauty or its blend**SMART** makeup applicators.

55.     Defendant's conduct and actions have caused or are likely to cause confusion, mistake, or deception in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

56.     As a result of such infringement, Worth Beauty has suffered damages and sustained injury to its goodwill and business reputation symbolized by the blend**SMART** intellectual property, including the blend**SMART** trade dress.

57.     Further, as a result of such infringement, Defendant has made unjust profits and ill-gotten gains from the marketing, promotion, distribution, and sale of its products by trading on the blend**SMART** intellectual property, including the blend**SMART** trade dress.

### COUNT III:  FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

58.     Worth Beauty refers to and incorporates herein the allegations in Paragraphs 1 through 57 above.

59.     Defendant's conduct and actions set forth above constitute unfair competition, and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  Defendant has intentionally engaged in conduct that constitutes false advertising, false designation of origin, false or misleading representation of fact tending wrongfully and falsely to describe or represent a connection between Worth Beauty's automated makeup brush and Defendant's automated makeup brush, and an infringement of Worth Beauty's trade dress rights.

60.     Defendant's use of Worth Beauty's intellectual property has caused and is likely to cause confusion, mistake, or deception in that purchasers and others are likely to assume that Defendant's automated makeup brushes marketed under Worth Beauty's blend**SMART** trade

dress are Worth Beauty's automated makeup brushes, or are sponsored by, or connected or affiliated with Worth Beauty or its blend**SMART** makeup applicators.

61.     Defendant's conduct and actions have caused or are likely to cause confusion, mistake, or deception in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

62.     As a result of such infringement, Worth Beauty has suffered damages and sustained injury to its goodwill and business reputation symbolized by the blend**SMART** intellectual property, including the blend**SMART** trade dress.

63.     Further, as a result of such infringement, Defendant has made unjust profits and ill-gotten gains from the marketing, promotion, distribution, and sale of its products by trading on the intellectual property associated with the blend**SMART** products, including the blend**SMART** trade dress.

### COUNT IV:   COMMON LAW TRADE DRESS INFRINGEMENT

64.     Worth Beauty refers to and incorporates herein the allegations in Paragraph 1 through 63 above.

65.     Defendant's conduct and actions set forth above constitute trade dress infringement in violation of the common law of Texas.

66.     As a result of such infringement, Worth Beauty has suffered damages and sustained injury to its goodwill and business reputation symbolized by the blend**SMART** intellectual property, including the blend**SMART** trade dress.

67.     Further, as a result of such infringement, Defendant has made unjust profits and ill-gotten gains from the marketing, promotion, distribution, and sale of its products by trading off the intellectual property associated with the blend**SMART** products, including the blend**SMART** trade dress.

## COUNT V:  FEDERAL TRADEMARK INFRINGEMENT

68.     Worth Beauty refers to and incorporates herein the allegations in Paragraph 1 through 67 above.

69.     Defendant's actions and conduct set forth above violate Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).  Defendant has marketed, promoted, distributed, offered for sale, and sold its Airtouch brush using Worth Beauty's trademarks, including "A Revolution in Makeup Application."   As a result of Defendants' unauthorized use of trademarks that are confusingly similar to Worth Beauty's registered mark, the public is likely to believe that Defendant's products have been manufactured, approved by, or are affiliated with Worth Beauty and blend**SMART**.

70.     Defendant's unauthorized use of confusingly similar trademarks falsely represents Defendant's products as emanating from or being authorized by Worth Beauty.  Defendant's unauthorized activities undermine Worth Beauty's goodwill and negatively impact Worth Beauty's ability to develop and promote the blend**SMART** brand and to have that brand associated exclusively with its own products.

71.     As a result of such infringement, Worth Beauty has suffered, and will continue to suffer, substantial damages.  Further, as a result of such infringement, Defendant has made unjust profits and ill-gotten gains from the marketing, promotion, distribution, and sale of its products.  Worth Beauty is entitled to recover damages, including any and all profits Defendant has made as a result of their wrongful conduct.

72.     In addition, because Defendant's infringement is willful, the award of damages and profits should be trebled pursuant to 15 U.S.C. § 1117(b).

73.     Worth Beauty is entitled to recover its attorneys' fees and costs pursuant to 15 U.S.C. § 1117.

### COUNT VI:   COMMON LAW TRADEMARK INFRINGEMENT

74.     Worth Beauty refers to and incorporates herein the allegations in Paragraphs 1 through 73 above.

75.     Defendant's actions and conduct set forth above constitute trademark infringement in violation of federal and Texas common law.  Defendant has marketed, promoted, distributed, offered for sale, and sold its Airtouch brush using Worth Beauty's trademarks, including "A Revolution in Makeup Application."  As a result of Defendant's unauthorized use of trademarks that are confusingly similar to Worth Beauty's registered mark, the public is likely to believe that Defendants' products have been manufactured, approved by, or are affiliated with Worth Beauty and the blendSMART product lines.

76.     Defendant's unauthorized use of a confusingly similar trademark falsely represents Defendant's products as emanating from or being authorized by Worth Beauty. Defendant's unauthorized activities undermine Worth Beauty's goodwill and negatively impact Worth Beauty's ability to develop and promote the blendSMART brand and to have that brand associated exclusively with its own products.

77.     As a result of such infringement, Worth Beauty has suffered, and will continue to suffer, substantial damages.  Further, as a result of such infringement, Defendant has made unjust profits and ill-gotten gains from the marketing, promotion, distribution, and sale of its products.  Worth Beauty is entitled to recover damages, including any and all profits Defendant has made as a result of their wrongful conduct.

## COUNT VII:  COMMON LAW UNFAIR COMPETITION

78.     Worth Beauty refers to and incorporates herein the allegations in Paragraphs 1 through 77 above.

79.     Defendant's conduct and actions set forth above constitute unfair competition in violation of the common law of Texas.

80.     As a result of such unfair competition, Worth Beauty has suffered damages and sustained injury to its goodwill and business reputation symbolized by the blend**SMART** intellectual property, including the blend**SMART** trade dress.

81.     Defendant's unauthorized use of confusingly similar trademarks, marks, logos, marketing, packaging, and trade dress falsely represents Defendant's products as emanating from or being authorized by Worth Beauty.  Defendant's unauthorized activities undermine Worth Beauty's goodwill and negatively impact Worth Beauty's ability to develop and promote the blend**SMART** brand and to have that brand associated exclusively with its own products.

82.     Further, as a result of such unfair competition, Defendant has made unjust profits and ill-gotten gains from the marketing, promotion, distribution, and sale of its products by trading on the intellectual property associated with the blend**SMART** intellectual property, including the blend**SMART** trade dress.

83.     In addition, Worth Beauty will be irreparably harmed and damaged by the continuation of such unfair competition.

## COUNT VIII:  UNJUST ENRICHMENT

84.     Worth Beauty refers to and incorporates herein the allegations in Paragraphs 1 through 83 above.

85.     Defendant has made unjust profits from the sale of its good by trading on the intellectual property associated with the blend**SMART** producty, including the blend**SMART** trade dress.

86.     Defendant's conduct and actions set forth above constitute unjust enrichment under the common law of Texas.

87.     Worth Beauty is entitled to disgorgement of the unjust profits made by Defendant.

### COUNT IX:  ADVERTISING INJURY THROUGH MISAPPROPRIATION OF ADVERTISING IDEAS

88.     Worth Beauty refers to and incorporates herein the allegations in Paragraphs 1 through 87 above.

89.     Defendant has advertised its Airtouch automatic makeup brush in the same manner as Worth Beauty, misappropriating the advertising ideas of Worth Beauty.

90.     Defendant has used Worth Beauty's copyrights, trademarks, trade dress, marks, website, logos, packaging, product instructions, and promotional and advertising materials, and catch phrases, to market and promote a product Defendant distributes and sells to compete with Worth Beauty's blend**SMART** brushes.    As a result, Worth Beauty has been damaged and continues to suffer damage as a result of Defendant's continued wrongful conduct.

## VI.    JURY TRIAL

91.     Pursuant to Fed. R. Civ. P. 38 and 39, Worth Beauty hereby demands a trial by jury.

## VII.    PRAYER

WHEREFORE, Plaintiff Worth Beauty LLC prays that the Court grant the following relief against Defendant Allstar Products Group LLC:

A.      Judgment in favor of Plaintiff Worth Beauty LLC and against Defendant Allstar Products Group LLC;

B.       Maximum statutory damages in the amount of $150,000 per work infringed under 17 U.S.C. § 504(c), and/or alternatively, Worth Beauty LLC's actual damages and the profits of Defendants that are attributable to the violations alleged herein pursuant to 17 U.S.C. § 504(b);

C.      All damages sustained by Worth Beauty LLC in an amount to be determined at trial based on Defendant's infringement of Worth Beauty LLC's trademark, infringement of Worth Beauty's distinctive trade dress in overall appearance of its automated makeup brush systems and associated packaging and marketing, false designation of origins, descriptions, and representation of their automated makeup brush, and acts of unfair competition against Worth Beauty LLC;

D.      Damages awarded under 15 U.S.C. § 1117(a) in the amount of total profits received by Defendant from, and any damages sustained by Worth Beauty LLC as a result of, Defendant's sales of products infringing Worth Beauty LLC's trademarks or trade dress, in an amount to be determined at trial;

E.      Enhanced damages awarded under  15 U.S.C. § 1117(a) up to three times the amount found as actual damages for Defendant's trademark and trade dress infringement and false designations of origins, descriptions, and representations in an amount to be determined at trial;

F.      Damages in the amount of total profits received by Defendant from, and any damages sustained by Worth Beauty LLC as a result of, Defendant's common law trade dress

infringement, common law trademark infringement, unfair competition, and unjust enrichment in an amount to be determined at trial;

G.     Attorneys' fees and costs under 17 U.S.C. §§ 505 and 117(a);

H.     Award of Interest and costs; and

I.     Such other and further relief as is just and proper.

Respectfully submitted

ANDERSON & CUNNINGHAM, P.C.

*/s/ David K. Anderson*
David K. Anderson
david@andersonlawfirm.com
SBT No. 01174100
Julie B. Cunningham
julie@andersonlawfirm.com
SBT No. 05240700
Four Houston Center
1221 Lamar, Suite 1115
Houston, Texas 77010
Telephone: 713-655-8400
FAX: 713-655-0260
**ATTORNEYS FOR PLAINTIFF**
**WORTH BEAUTY LLC**