IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WORTH BEAUTY LLC, | § | |
| | § | |
| *PLAINTIFF*, | § | CASE NO. 4:17-cv-01682 |
| v. | § | |
| | § | (JUDGE NANCY F. ATLAS) |
| ALLSTAR PRODUCTS GROUP, LLC | § | |
| | § | JURY TRIAL REQUESTED |
| *DEFENDANT.* | § | |
| | § | |

## PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT

Plaintiff, Worth Beauty LLC ("Worth Beauty" or "Plaintiff") files this First Amended Original Complaint against Defendant Allstar Products Group, LLC ("Allstar" or "Defendant") and would show the Court the following:

## I.   PARTIES

1.     Plaintiff Worth Beauty is a Virginia limited liability company with its principal place of business at 3101 Richmond Avenue, Suite 120, Houston, Texas 77098.  All pleadings may be served on Worth Beauty through its attorney-in-charge, David K. Anderson, Anderson & Cunningham, P.C., Four Houston Center, 1221 Lamar, Suite 1115, Houston, Texas 77010.

2.     Defendant Allstar Products Group LLC, is a New York limited liability company with its principal place of business at 2 Skyline Drive, Hawthorne, New York 10532.  All pleadings may be served on Allstar through its attorney in charge, Robert P. Latham, Jackson Walker LLP, 2323 Ross Avenue, Suite 600, Dallas, Texas 75201.

## II.   NATURE OF ACTION, JURISDICTION AND VENUE

3.     This is an action for (a) federal trade dress infringement under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*; (b) federal unfair competition and false designation of origin under

the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*; (c) common law trade dress infringement; (d) federal trademark infringement; (e) common law trademark infringement; (f) common law unfair competition; (g) common law misappropriation; (h) trade dress dilution under TEX. BUS. & COM. CODE §16.103 (i) unjust enrichment; and (j) advertising injury through misappropriation of advertising ideas.  The state law claims are substantially related to the claims arising under federal law; and as a result, this Court has ancillary jurisdiction over those claims.

4.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, and 1367.  This Court has federal question jurisdiction over this case because Worth Beauty has brought claims against Defendant under the Lanham Act, 15 U.S.C. §§ 1051 *et seq*.  This court has the power to resolve the related state law claims under principles of pendent, supplemental and/or ancillary jurisdiction.  This Court also has subject matter jurisdiction of this case under § 1332 because there is diversity of citizenship and the amount in controversy exceeds $75,000.

5.     The Court has specific and general personal jurisdiction over Defendant pursuant to the Texas Long Arm Statute for the following reasons: Defendant is present within or have minimum contacts within the State of Texas and the Southern District of Texas; Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and the Southern District of Texas; Defendant regularly conducts and/or solicits business and engages in other persistent courses of conduct within the State of Texas and within the Southern District of Texas; Defendant has derived substantial revenues from its business activities, including their infringing acts, occurring within the State of Texas and the Southern District of Texas; and Plaintiff's causes of action arise directly from Defendant's activities in the State of Texas and in the Southern District of Texas.

6.     More specifically, Defendant directly and/or through authorized intermediaries, ships, distributes, offers for sale, sells, leases, markets, and/or advertises infringing products in the State of Texas, and the Southern District of Texas, including but not limited to the marketing, offering for sale, sale, and distribution of Defendant's Airtouch rotating makeup brush. Defendant solicits customers for its products in the State of Texas and in the Southern District of Texas through its Airtouch Brush website (www.airtouchbrush.com), national advertising, infomercials on national television, and appearances on national televised shopping networks. Defendant sells its products, including the infringing Airtouch rotating makeup brush, in the State of Texas and the Southern District of Texas through internet websites, such as the Airtouch Brush website (www.airtouchbrush.com) and HSN, thereby committing conduct in this state that is in violation of both state and federal law.

7.     Defendant has committed infringing acts both inside and outside the State of Texas and the Southern District of Texas that have caused injury to Worth Beauty within this state, and Defendant regularly does or solicits business, engages in other persistent course of conduct, or derives substantial revenue from goods used or consumed in the State of Texas and the Southern District of Texas, or expect or should reasonably expect the infringing acts at issue herein to have consequence in this state.

8.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), 1400(a) and/or 1400(b).   Defendant have transacted business in this judicial district, and have directly and indirectly committed and/or induced acts of copyright, trademark, and trade dress infringement in this district.   Additionally, Worth Beauty is the owner of intellectual property, including, copyrights, trademarks, and trade dress that are the subject of this litigation, and Worth Beauty resides in the Southern District of Texas.   Worth Beauty developed the

blend**SMART** makeup brush and its associated intellectual property, including copyright protected videos, packaging, product instructions and inserts, website trademarks, and trade dress, at least in part in the Southern District of Texas.  Worth Beauty commercialized and used the protected intellectual property in the Southern District of Texas.  In addition, Defendant misappropriated intellectual property developed and maintained in Houston, Texas.

## IV.   FACTUAL BACKGROUND

9.    Worth Beauty develops, markets, and sells cutting-edge beauty products.  The company's strategy is to combine technology with innovative design to create beauty products that are easy to use, more effective than conventional tools or methods, and elegant in design and style.   It is a growing company that is expanding its products through innovation.   Worth Beauty's mission is to achieve for makeup application what other automated tools have done for skincare and oral care.

10.    The company's flagship product line is a first-of-a-kind Automated Makeup Brush System™ for the application of makeup and other beauty products, which is sold under the trademark blend**SMART**.  The blend**SMART** automatic motorized makeup brush systems represent a breakthrough in the beauty industry. Worth Beauty developed the blend**SMART** brush system, and now markets and sells the blend**SMART** brush system both domestically and internationally.  Worth Beauty is the owner of all intellectual property rights relating to the blend**SMART** automated makeup brush system, including trademarks, copyrights, and patents.

11.    Worth Beauty's blend**SMART** rotating makeup brush system includes an automated handle and interchangeable brush heads.  The removable and interchangeable brush heads spin at approximately 190 RPMs and mimic the motion of professional makeup artists to deliver flawless blending.  Worth Beauty currently offers the original blend**SMART** rotating makeup brush system, the recently introduced blend**SMART**[2] rotating makeup brush system, and a

number of additional blend**SMART** interchangeable brush heads for the blend**SMART** and for the blend**SMART**[2].  The offered interchangeable brush heads include a foundation brush head, blush brush head, definer brush head, powder brush head, and full coverage and finishing brush head. These products allow the customer to easily change out the brush head, while utilizing one handle.

12.     Worth Beauty has invested substantial and significant resources to the design of its automated makeup brush systems, including hiring a product designer and other designers/consultants and specialists to assist in selecting the product's design, shape, size, color, and appearance.

13.     In April 2015, the blend**SMART** rotating makeup brush debuted on QVC, a television network, specializing in televised home shopping.  Worth Beauty launched the blend**SMART** brush as a co-branded product with Doll 10 Beauty, and the Doll 10 Beauty blend**SMART** Rotating Makeup Brush System was featured on QVC's domestic channel as well as QVC's international channels in England, Italy, and Germany.   Initially, the product was exclusively available through QVC for a period of six (6) months as required by QVC policy... The blend**SMART** product was very well received by customers and the beauty industry.  The Doll 10 Beauty blend**SMART** Rotating Makeup Brush System had complete market share in the automated makeup brush market at that time.  And significantly, Worth Beauty's blend**SMART** had the first to market or head start advantage.

14.     Worth Beauty launched the blend**SMART** product line by itself in early 2016.  The blend**SMART**[2] product line was introduced in January 2017. Today, the blend**SMART** and blend**SMART**[2] brush systems and the additional removable and interchangeable brush heads are

available online through the company's website.[1]   Worth Beauty's blend**SMART** and blend**SMART**[2] products are also available for sale online through Sephora's website[2] and through websites of domestic and international authorized dealers.[3]   The blend**SMART** and blend**SMART**[2] products may also be purchased at domestic and international brick and mortar prestige boutiques.

15.   As an integral part of its efforts to market, advertise, distribute and sell the blend**SMART** and blend**SMART**[2] products, Worth Beauty designed and developed (1) original packaging for its automated makeup brush systems, including the blend**SMART** and blend**SMART**[2]; (2) original packaging for each of the additional removable interchangeable brush heads for the blend**SMART** and blend**SMART**[2]; (4) the interior product packaging, including the product tray and the molded lid that hold the automated makeup brush systems; (5) product inserts for the blend**SMART** and blend**SMART**[2] automated brush systems, including product graphics and instructions that accompany each product; (6) blend**SMART** and blend**SMART**[2] product advertising; and (7)  the blend**SMART** website that contains extensive product photographs, graphics, instructions, and product descriptions.   Worth Beauty has invested substantial and significant resources to the design, creation, and development of its packaging, advertising, and promotional materials, including hiring graphic artists and designers to create the packaging, product inserts and instructions, and advertising under Worth Beauty's direction.

16.   Before the Defendant's misconduct, which started in 2017, Worth Beauty undertook extensive efforts to advertise and market the blend**SMART** automated makeup brush system.   Worth Beauty promoted and publicized the blend**SMART** product line on the

---

[1] https://www.blendsmart.com/
[2] http://www.sephora.com/blendsmart
[3] https://www.dermstore.com/profile_blendSMART_504383.htm; http://www.amazon.com;
https://www.hbbeautybar.com/collections/blendsmart; https://www.dillards.com/brand/blendSMART;
http://www.vonmaur.com/Results.aspx?md=s&search=blendsmart&rt=1;

blend**SMART** website,[4] blend**SMART** Instagram,[5] blend**SMART** Facebook,[6] blend**SMART** twitter.[7] Worth Beauty promoted the blend**SMART** automated makeup brush system through print advertising and influencer marketing, including sending hundreds of samples to influencers in 2016 to build brand awareness; it entered branding/beauty contests and promoted the awards and accolades the blend**SMART** brush had received, including Trendsetters in Cosmoprof North America and Italy, #Beauty 2.0 LA – Best Start up, QVC Consumer Choice Award; it created additional branding in terms of accessories, including shirts, tumblers, mirrors; it exhibited the blend**SMART** automated makeup brush system at conferences, including Ipsy Beauty in San Francisco, Dallas Beauty Show, and Comosprof North America, thereby exposing thousands of beauty industry insiders to the blend**SMART** automated makeup brush system; it directed press releases to hundreds of media outlets; it created brand point of sale displays for in-store launches, it hired social media consultants; it launched digital ad campaigns and social media ad campaigns; it promoted blend**SMART** through beauty bloggers and third-party social media sites; and it hired professionals to run digital ads at the launch of blend**SMART** in January 2016

17.    The blend**SMART** brush has been featured and sold on Sephora's website, one of the largest beauty retailers, thereby exposing the blend**SMART** to Sephora's customer base. The blend**SMART** product has also been placed and sold on websites of other domestic and international authorized dealers, including HB Beauty Bar and DermStore and placed and sold at domestic and international brick and mortar prestige boutiques, including Von Maur, The Cosmetic Market, Dillards, Magpie Gifts, Stanley Korshak, Kuhl-Linscomb, Woo Cosmetics,

---

[4] https://www.blendsmart.com/
[5] @blendSMART.com
[6] www.facebook.com/blendSMART
[7] twitter.com/blendsmart

Maison Weiss, Beauty Box, True Beauty, J Joffmans, DermStore, Beautique, ME21 Beauty Bar, Marta's and Adelaid's.

18.     As part of its marketing and promotion efforts for the blend**SMART** brush system, Worth Beauty created and published three blend**SMART** product introduction and tutorial videos, including (1) an introductory product video that describes and demonstrates the blend**SMART** brush system, which was published on May 25, 2016;[8] (2) a liquid foundation tutorial that shows consumers how to use the blend**SMART** brush to apply liquid foundation, which was published on March 14, 2016;[9] and (3) a powder foundation tutorial that shows consumers how to use the blend**SMART** brush to apply powder foundation, which was also published on March 14, 2016.[10] Worth Beauty has subsequently produced and uploaded additional product videos, including a blend**SMART** product video, which was published on May 18, 2017, and which now has almost 40,000 views.  The Doll 10 blend**SMART** automated makeup brush system has also been featured and offered for sale on QVC's domestic channel as well as QVC's international channels in England, Italy, Germany, and France, and the Doll 10 blend**SMART** was featured and offered for sale on QVC's domestic and international websites.

19.     The blend**SMART** automated makeup brush system has been featured in the Wallstreet Journal[11] and in New Beauty, Real Simple, Seventeen, Vogue France, Vogue Arabia, and InStyle magazines.  The blend**SMART** automated makeup brushes have also been featured on Bustle.com,[12]   livingly.com,[13]   Buzzfeed.com,[14]   familycircle.com,[15]   People.com,[16] fabfitfun.com,[17] poposugar.com,[18] fashionspot.com,[19] and beauty website Joyus.com.[20]

---

[8] https://www.youtube.com/watch?v=KP-MPAb0muo
[9] https://www.youtube.com/watch?v=wdYS2UOsE_k
[10] https://www.youtube.com/watch?v=Q1oG8gWV3ik
[11] https://www.blendsmart.com/wp-content/uploads/2017/02/WSJ-Off-Duty-1.28.17-D3.compressed.pdf
[12]   https://www.bustle.com/articles/174173-7-beautyblender-alternatives-that-are-just-as-great-as-the-famous-sponge
(

20.     The blend**SMART** automated makeup brush system has been the subject of reviews and presentations on blogs, YouTube channels, and Instagram.   Worth Beauty's automated makeup brush system has been viewed close to 4 million times on YouTube through numerous product reviews and presentations.

### WORTH BEAUTY'S TRADE DRESS

21.     Worth Beauty, long prior to the acts complained of herein, has been engaged in interstate commerce and foreign commerce by virtue of the on-going sale and merchandising of the distinctive blend**SMART** automated makeup brushes.   Worth Beauty launched the blend**SMART** product in 2015.   At that time, Worth Beauty believes that it was the only automated makeup brush.  The Doll 10 blend**SMART** had complete market share in the automated makeup brush market at that time. And significantly, Worth Beauty's blend**SMART** had the first to market or head start advantage.

22.     Worth Beauty has acquired intellectual property rights in the Doll 10 blend**SMART**, the original blend**SMART**, the blend**SMART,** and blend**SMART**[2] automated makeup brush systems, including the inherently unique, distinctive and non-functional design of the automated makeup brush systems.     The individual features and elements of Worth Beauty's automated makeup brush sytems; the combination of such features and elements; and the look, appearance, and image of the product, including its packaging, product instructions and packaging inserts, advertising, color schemes, layout, font selection, marks, logos, and catch

---

[13] http://www.livingly.com/Avoid+Holiday+Party+Beauty+Disasters+With+These+Expert+Tips/articles/bPRh8Hq-igi/Bronze+With+Caution

[14] https://www.buzzfeed.com/kristinchirico/theres-a-special-makeup-brush-you-can-use-if-you-really-suck?utm_term=.kcLMWDm15#.sm5K2P8mQ

[15] http://www.familycircle.com/style/beauty/our-favorite-new-products-from-cosmoprof/?page=4

[16] http://people.com/style/blendsmart-automated-makeup-brush-starter-set-joyus-discount/

[17] https://fabfitfun.com/magazine/tech-beauty-products/

[18] https://www.popsugar.com/tech/photo-gallery/43398416/image/43398430/blendSMART-Foundation-Brush

[19] http://www.thefashionspot.com/beauty/742081-beauty-gadgets-tools/#/slide/3

[20] https://www.joyus.com/beauty/catalog/1-63881/blendsmart-automated-makeup-brush-starter-set

phrases, taken as a whole and individually, identify the brush as originating exclusively with Worth Beauty.  This trade dress has developed a secondary meaning and is recognized in the marketplace.  The public associates this trade dress with Worth Beauty's Doll 10 blend**SMART**, the original blend**SMART**, the blend**SMART**, and blend**SMART**[2] products.

23.     Worth Beauty has invested substantially in the design, development, manufacture and marketing of its automated makeup brush systems.   Worth Beauty has spent considerable resources to develop the goodwill associated with these products and their associated intellectual property.  As a result, it has substantial economic value and the potential to acquire a great deal more economic value.

24.     Worth Beauty has been selling the blend**SMART** automated makeup brush systems with its distinctive trade dress in interstate commerce since 2015. Worth Beauty has expended significant resources advertising and marketing the Worth Beauty's Doll 10 blend**SMART**, the original blend**SMART**, the blend**SMART**, and blend**SMART**[2].   Worth Beauty has generated significant sales throughout the United Sates, including sales to customers in Texas.  Since the end of 2016, Worth Beauty has sold over 90,000 automated makeup brush systems.

25.     Worth Beauty and its products have generated much publicity and buzz in the beauty industry through all forms of social media, including YouTube, Instagram, Twitter and Facebook.  Worth Beauty created the blend**SMART** brand name, trademarked the brand name and marketed its product lines under the blend**SMART** mark and brand name in order to tie the brand to its high quality product in the mind of the consuming public and thereby establish goodwill in the beauty market for the brand and the blend**SMART** products.  Worth Beauty promoted the brand and marketed its products through various media, retail beauty and consumer outlets, all of which have acted to build the good will of the business of Worth Beauty in the blend**SMART**

product line and increase the recognizability of the blend**SMART** automated makeup brushes and their trade dress.   By virtue of its merchandising and sale of the blend**SMART** automated makeup brush system, the distinctive trade dress of the blend**SMART** automated makeup brush, as well as the blend**SMART**[2] automated makeup brush, has come to be associated with Worth Beauty as the source of the blend**SMART** automated makeup brushes.

26.     The following are exemplary images of the Doll 10 blend**SMART** automated makeup brush system (top) and the original blend**SMART** automated makeup brush system (bottom):





27.     The following is an exemplary image of the blend**SMART** automated makeup brush system introduced in 2016 (top) and the blend**SMART**[2] automated makeup brush system introduced in January 2017 (bottom):



28.    Worth Beauty has trade dress rights in the design, style and appearance of Worth

Beauty's Doll 10 blend**SMART**, the original blend**SMART**, the blend**SMART**, and blend**SMART**$^2$

automated makeup brush systems, including but not limited to the following:

(1)    the design, size, and appearance of the fully assembled Doll 10 blend**SMART** automated makeup brush system and the original blend**SMART** automated makeup brush system, including the handle, base cap, and brush head;

(2)    the design, size, and appearance of the fully assembled blend**SMART** automated makeup brush system and the blend**SMART**$^2$ automated makeup brush system, including the handle, base cap, and brush head;

(3)    the design, size, and appearance of the brush handle of the blend**SMART** automated makeup brush system and the blend**SMART**$^2$ automated makeup brush system;

(4)    the design, size, and appearance of the brush handle of the Doll 10 blend**SMART** automated makeup brush system and the original blend**SMART** automated makeup brush system;

(5)    the design, appearance and placement of the taper in the handle and base cap of the blend**SMART** automated makeup brush system and blend**SMART**$^2$ automated makeup brush system;

(6)     the design, appearance and placement of the taper in the handle and base cap of the Doll 10 blend**SMART** automated makeup brush system and the original blend**SMART** automated makeup brush system;

(7)     the curve or curved indentation, and the size and placement of the curve or curved indentation, in the handle of the Doll 10 blend**SMART** automated makeup brush system and the original blend**SMART** automated makeup brush system;

(8)     the curve or curved indentation, and the size and placement of the curve or curved indentation, in the handle of the blend**SMART** automated makeup brush system and the blend**SMART**[2] automated makeup brush system;

(9)     the design, size, appearance, and placement of the base or end caps of the blend**SMART** and blend**SMART**[2] automated makeup brush systems, including the end cap's flared bottom;

(10)    the design, size, appearance, and placement of the base or end caps of the Doll 10 blend**SMART** automated makeup brush system and original blend**SMART** automated makeup brush system, including the end cap's rounded bottom;

(11)    the design, appearance, and placement of the style line around the top of the base or end cap of the Doll 10 blend**SMART** automated makeup brush system and the original blend**SMART** automated makeup brush system;

(12)    the design, appearance, and placement of the style line around the top of the base or end cap of the blend**SMART** automated makeup brush system and the blend**SMART**[2] automated makeup brush system;

(13)    the design, size, appearance, and placement of the on-off switch on the handles of the Doll 10 blend**SMART** automated makeup brush system and the original blend**SMART** automated makeup brush system;

(14)    the design, size, appearance, and placement of the on-off switch on the handles of the blend**SMART** automated makeup brush system;

(15)    the design, size, appearance, and placement of the on-off switch on the handles of the blend**SMART**[2] automated makeup brush system;

(16)    the design, appearance, and placement of the style line around the top of the handle (between the handle and the brush head) of the Doll 10 blend**SMART** automated makeup brush system and the original the blend**SMART** automated makeup brush system;

(17)    the design, appearance, and placement of the style line around the top of the handle (between the handle and the brush head) of the blend**SMART** automated makeup brush system and of the blend**SMART**[2] automated makeup brush system;

(18)     the visual connection and relationship between the curves, tapers, and lines of the Doll 10 blend**SMART** automated makeup brush system and the original the blend**SMART** automated makeup brush system;

(19)     the visual connection and relationship between the curves, tapers, and lines of the blend**SMART** automated makeup brush system and the blend**SMART**$^2$ automated makeup brush system;

(20)     the design, style, and appearance of these curves, tapers, and lines in the Doll 10 blend**SMART** automated makeup brush system and the original the blend**SMART** automated makeup brush system;

(21)     the design, style, and appearance of these curves, tapers, and lines in the blend**SMART** automated makeup brush system and blend**SMART**$^2$ automated makeup brush system;

(22)     the design, appearance, and placement of the upper portion, middle portion and bottom portion of the handle of the Doll 10 blend**SMART** automated makeup brush system and the original blend**SMART** automated makeup brush system;

(23)     the design, appearance, and placement of the upper portion, middle portion and bottom portion of the handle and base cap of the blend**SMART** automated makeup brush system and the blend**SMART**$^2$ automated makeup brush system;

(24)     the overall look and appearance of the fully assembled Doll 10 blend**SMART** automated makeup brush system and the original blend**SMART** automated makeup brush system;

(25)     the overall look and appearance of the fully assembled blend**SMART** automated makeup brush system;

(26)     the overall look and appearance of the fully assembled blend**SMART**$^2$ automated makeup brush system;

(27)     the placement of the logo on the Doll 10 blend**SMART** automated makeup brush system and the original blend**SMART** automated makeup brush system;

(28)     the placement of the logo on the blend**SMART** automated makeup brush system;

(29)     the placement of the logo on the blend**SMART**$^2$ automated makeup brush system;

(30)     the overall appearance of the Doll 10 blend**SMART** foundation brush head and the original blend**SMART** foundation brush head (including color);

(31)   the overall appearance of the blend**SMART** foundation head (including color), the blush brush head, the full coverage foundation finishing brush head, and defining brush head (including color), and powder brush head;

(32)   the overall appearance of the blend**SMART**[2] foundation head (including color), the blush brush head, the full coverage foundation finishing brush head, and defining brush head (including color), and powder brush head; and

(33)   the interior product packaging, including the product tray and the molded lid that hold the automated makeup brush systems.

29.     Worth Beauty's automated makeup brush works by imitating the motions of a professional makeup artist.  The rotating head allows a consumer to glide the brush across her face to apply makeup to achieve a look, finish or coverage that is superior to that achieved by the consumer's fingers or by a typical makeup brush. The rotating feature of the blend**SMART** device provides the functionality; whereas, the size, dimensions, and shape and other design elements of the distinctive blend**SMART** automated makeup brushes and brush heads gives the blend**SMART** products their distinctive look and design characteristics.   There is no reason to copy the blend**SMART** brush design and trade dress other than to trade off the brand and goodwill that Worth Beauty has developed in the beauty products market.

30.     There are a number of automated make-up applicators that have their own design that differentiates their products from the competitors.  For example, automated makeup tools in today's beauty market include the Clarisonic Sonic Foundation Makeup Brush, the Color Me Foundation Applicator Pro Edition, and the Clinique Sonic System Airbrushed Finish Liquid Foundation Applicator and Device, all of which are described as automated makeup applicators that are intended to achieve or replicate the techniques of a professional makeup artist.  These products have similar purpose and function, but unlike Defendant's Airtouch brush, they do not pass themselves off as blend**SMART** brush.

31.     Defendant's slavish copying of Worth Beauty's automated makeup brush systems cannot be justified; and its only purpose is to leverage the reputation and goodwill of Worth Beauty's business.  Defendant has replicated the design of Worth Beauty's automated makeup brush systems virtually down to the most precise detail.  Defendant has utilized Worth Beauty's trade dress to unfairly and quickly build its business in the automated makeup applicator market.  Other beauty product companies are marketing and selling automated makeup applicators that perform a similar function without resorting to copying Worth Beauty's design and trade dress.

32.     As a result of Worth Beauty's exclusive, continuous and substantial use, advertising, and sales of automated makeup brush systems and additional brush heads bearing Worth Beauty's trade dress, and the publicity and attention that have been paid to Worth Beauty's trade dress, Worth Beauty's trade dress has become well known to or famous in the market and has acquired valuable goodwill and secondary meaning in the market place, as consumers have come to uniquely associate them as source identifiers of Worth Beauty.

### Worth Beauty's Trademarks

33.     Worth Beauty has developed trademarks that it has continuously used to promote and market its blend**SMART** products, including "A Revolution in Makeup Application™" and "Natural Looking Results with Confidence™."  Worth Beauty has adopted and continuously used the trademark "A revolution in makeup application™" on the blend**SMART** packaging, advertising, website, and promotional materials.  Worth Beauty has acquired ownership of these trademarks by adopting and continuously using these trademarks in such a way that the public and the industry associates these marks with Worth Beauty's automated makeup brush and accessories.   In its copyright protected blend**SMART** product video, Worth Beauty concludes the video with its trademarked phrase, "blend**SMART** is a revolution in makeup application."

16

### DEFENDANT'S "AIRTOUCH ROTATING MAKEUP BRUSH"

34.    In Spring 2017, Worth Beauty became aware that Defendant was selling a virtually identical rotating makeup brush called the "Airtouch Rotating Makeup Brush." Defendant has been causing confusion in the market; and it has been trading off the goodwill of the blend**SMART** products.  Customers, potential customers, and others in the beauty industry are confused because the brushes and brush heads are virtually identical, and the Defendant's marketing and promotional materials are deceptively similar.

35.    Defendant is a consumer products company that markets "as seen on TV" products, including the "Airtouch Rotating Makeup Brush", all over the world through direct response television, the internet, direct mail, and other retail channels."  Defendant describes the "Airtouch Rotating Makeup Brush" as a "portable rotating makeup brush intended to help users apply foundations and other bases to the face with even proportions."   Defendant's Airtouch brush system is sold with a rotating applicator, a removable and interchangeable foundation brush head, and a "free, bonus" removable and interchangeable powder brush head.

36.    Defendant sells its infringing Airtouch rotating makeup brush system through the Airtouch Brush website (www.airtouchbrush.com).  The Airtouch makeup brush, including two removable and interchangeable heads, is now available for purchase on HSN's websites.[21] Airtouch recently introduced a set of three additional removable and interchangeable brush heads – the blush brush head, the finishing brush head, and the defining brush head.  The brush head set is sold through the Airtouch website[22] and on HSN's website.[23]

37.    Defendant is selling copies or colorable imitations of the blend**SMART** automated makeup brush and interchangeable brush heads in interstate commerce, causing confusion,

---

[21] https://www.hsn.com/products/airtouch-rotating-makeup-brush-with-2-brush-heads/8357139
[22] https://www.airtouchbrush.com/?mid=8863616
[23] https://www.hsn.com/products/airtouch-brush-replacement-heads-3-pack/2009587

mistake or deception.  The blend**SMART** automated makeup brush and the Airtouch brush are virtually identical in appearance, except Defendant's products are manufactured with inferior materials, including a plastic handle and cheaper brush head materials. The blend**SMART** brush is mechanically and structurally superior; however, the blend**SMART** automated makeup brush system and the Airtouch brush system are virtually identical in appearance, including size and shape of the brush handle and basic cap; size, location, and appearance of the on-off switch; the use of removable and interchangeable brush heads; and the type, size, shape, and color of the removable and interchangeable brush heads.  The blend**SMART**[2] automated makeup brush system and the Airtouch brush system are strikingly and confusingly similar, in fact almost identical, in appearance. A consumer who purchases Defendant's Airtouch rotating makeup brush is likely to be confused into believing it is purchasing a product from the same source as the  blend**SMART** and blend**SMART**[2] automated makeup brush systems.  The two products are so similar the brush heads and handles are interchangeable, which leaves beauty consumers with the impression that they are of the same origin and of the same quality.

38.    Defendant's Airtouch automated makeup brush system is identical to Worth Beauty's blend**SMART**  automated brush system, including size and shape of the brush handle and basic cap; size, location, and appearance of the on-off switch; the use of removable and interchangeable brush.   As the following side-by-side comparison shows, Defendant copied Worth Beauty's blend**SMART** automated brush system—Worth Beauty blend**SMART** (bottom-black) Airtouch rotating makeup brush (top-purple):



39.     In addition, as the following side-by-side comparison shows, Defendant copied

Worth Beauty's automated makeup brush system and is selling a rotating makeup brush with a

handle and removable and interchangeable brush heads (top with purple handle) that are identical

to Worth Beauty's blend**SMART** (middle with black handle) and deceptively and confusingly

similar blend**SMART**[2] automated brush systems (bottom with black handle).  When Defendant's

Airtouch brush (top with purple handle) is placed alongside Worth Beauty's blend**SMART** and

blend**SMART**[2] automated makeup brush systems, customers are likely to confuse the products and

their sources of origin.



40.     Defendant sells its Airtouch makeup brush and brush heads through the Airtouch

website (www.airtouchbrush.com), and Defendant recently presented the Airtouch on HSN, a

national shopping network providing televised home shopping.  The handles for the Airtouch brush sold through the Airtouch website (top) and the Airtouch brush sold through HSN (second from top) are identical to the handle for the blend**SMART** automated brush system (second from bottom) and strikingly and confusingly similar to the handle for the blend**SMART**[2] automated brush system (bottom):

**Defendant's Airtouch brush (Airtouch website)**



**Defendant's Airtouch brush (advertised and sold through HSN)**



**Plaintiff Worth Beauty's blendSMART (top) and blendSMART[2] (bottom)**



41.     On a recent HSN presentation in July 2017, Airtouch presented and demonstrated an Airtouch brush that is identical to the blend**SMART** brush:



42.     Defendant's removable and interchangeable Airtouch brush heads are identical, or at least, strikingly and confusingly similar to Worth Beauty's blend**SMART** brush heads, including shape and color:

**blendSMART foundation brush head**                    **Airtouch foundation brush head**

                    

21

**blendSMART blush brush head**



**Airtouch blush brush head**



**blendSMART full coverage foundation finishing brush head**



**Airtouch finishing brush head**



**blendSMART defining brush head**



**Airtouch defining brush**



**blendSMART powder brush head**



**Airtouch powder brush head**



43.     Recently, Airtouch altered the photographs of the Airtouch interchangeable and removable brush heads that are shown on its website.  Allstar has doctored the photographs to shorten the base of the liquid brush head and the powder brush head in an effort to conceal that it has copied blendSMART brush heads.  However, Allstar has only altered its marketing photographs on the website.  The actual Airtouch brush heads remain identical to the blendSMART brush heads.

44.     The dimensions of the motorized handle and the base cup of Defendant's Airtouch brush, along with its removable and interchangeable foundation brush head, are identical, or at least strikingly similar, to Worth Beauty's blendSMART automated makeup brush handle, base cap, and removable and interchangeable brush heads:

| blendSMART's Dimensions | Defendant's Airtouch Dimensions |
|---|---|
| blendSMART handle measurements (not including brush head):<br>Length:  146.05 mm<br>Top:  29.70 mm<br>Middle 22.59 mm<br>Bottom upper:  20.04 mm<br>Bottom lower:  25.07 mm | Airtouch handle measurements (HSN) (not including brush head):<br>Length:  152.78 mm<br>Top:  29.68  mm<br>Middle 25.5 mm<br>Middle (without rubber):  22.85<br>Bottom upper:  20.04 mm<br>Bottom lower:  25.07 mm |
| blendSMART base cap measurements:<br>Length: 31.75 | Airtouch base cap measurements (HSN):<br>Length:  38.11 mm |
| blendSMART foundation brush head measurements:<br>Length:  62.67 mm<br>Upper Cap:  30.09 mm<br>Middle Cap: 26.68 mm<br>Lower Cap:  25.25 mm | Airtouch foundation brush head measurements (HSN):<br>Length:  64.32 mm<br>Upper Cap:  30.24 mm<br>Middle Cap: 26.73 mm<br>Lower Cap:  26.26 mm |

45.     The interior packaging of Defendant's Airtouch product is also strikingly similar to the packaging for Worth Beauty's blendSMART automated makeup brush system.  The

blend**SMART** interior packaging consists of a white plastic tray designed to hold and feature the

blend**SMART** handle, the blend**SMART** foundation brush head, and a battery, and a thin clear

plastic molded lid designed to fit over the product tray.  A side by side comparison of the interior

packaging shows the similarities with Defendant's Airtouch brush on the left and the

blend**SMART** automated makeup brush system on right:[24]



46.    The blend**SMART** and Airtouch products are so similar that the removable

blend**SMART** brush heads are interchangeable with the removable Airtouch brush heads, meaning

that a consumer can place a blend**SMART** brush head on the Airtouch base and the brush head

will rotate.  And the reverse is true as well - a consumer can place an Airtouch brush head on the

blend**SMART** automated makeup base, and the brush head will rotate.  Likewise, the bottom caps

are interchangeable – the Airtouch bottom cap can be screwed onto the base of the blend**SMART**

handle, and the blend**SMART** product will work.   And the reverse is true as well.   In the

photograph below, the Airtouch foundation brush head and purple base cap have been placed on

---

[24] The Airtouch brush is sold with a "rotating applicator," a "foundation brush head," and a free or bonus "powder brush head", and the product includes the lithium battery and user guide.  The blend**SMART** automated makeup brush system includes the automated handle, rotating brush head, CR123A lithium battery, and user guide.   The blend**SMART** interchangeable powder brush head is available for purchase separately.

the blend**SMART** handle base, and the blend**SMART** foundation head and black base cap have been placed on the Airtouch purple motorized handle base:



47.     Further trying to take advantage of the goodwill associated with the blend**SMART** product line, Defendant has marketed its Airtouch products with product instructions, product descriptions, and advertising and promotional materials that are blatantly copied from Worth Beauty's product instructions, product inserts, packaging, and promotional materials. Defendant's adoption and use of Worth Beauty's copyrighted product instructions, advertising, and promotional materials was done with the intent and purpose of misleading and deceiving the public, and unfairly capitalizing on Worth Beauty's initiative and goodwill.

48.     Defendant's product descriptions for the Airtouch brush are confusingly similar, if not virtually identical, to Worth Beauty's product descriptions on the blend**SMART** packaging and website:

| blend**SMART** | Airtouch |
|---|---|
| Our blend**SMART** rotating brush creates a beautifully blended finish for your most flawless application ever. | A Beautifully Blended, Flawless Application |
| Easy to Use  no skills needed | Easy to Use – no skills needed |
| Blends Evenly  no lines or streaks | Blends Evenly – no lines or streaks |

| | |
|---|---|
| Better Coverage  less makeup | Better coverage – less makeup |
| Flawless Finish •  less makeup | Flawless Finish – in less time |
| blend**SMART's** easy-to-use makeup tool provides air-brush like results.<br><br>Perfectly calibrated rotating motion for airbrush-lie results. | Airbrush like results without the hassle |
| Slowly glide across your face side-to-side and up and down | Glide the brush side to side and up and down with light pressure |

49.     Defendant's product descriptions for its Airtouch interchangeable brush heads are very similar to the product descriptions on the blend**SMART** and blend**SMART**$^2$ packaging and the blend**SMART** website:

**blendSMART**                                          **Airtouch**

| blend**SMART** | Airtouch |
|---|---|
| blend**SMART** Definer Brush Head:  This brush provides precision placement of product to conceal, accent and detail around areas such as your eyes, nose, and hair line.<br><br>blend**SMART**$^2$ Definer Brush Head:  This detail head is great for precise placement of product to conceal, define, and detail the eyes, nose, and hairline.  Works well with concealers, contouring, and highlighting! | Airtouch Definer Brush Head:  Precision application around the nose, eyes, and hair line. *Detail/Contour/Conceal* |
| blend**SMART** Full Coverage and Finishing Brush Head:  Use this brush head with all foundation formulations to create buildable coverage. With a rounded head and dense fibers, this brush head is also perfect for finishing with your favorite powder makeup.<br><br>blend**SMART**$^2$ Full Coverage and Finishing Brush Head:  The dome shaped full coverage and finishing head magnetically attaches to the blendSMART2 rotating makeup applicator. | Airtouch Finishing Brush Head:  Rounded shape for all over coverage and a perfect finish.  *Buffing/Blending* |

| | |
|---|---|
| Spinning at 190 RPM, this is our most dense head for pro blending. The synthetic fibers gently rotate to effortlessly blend and works especially well with heavier formulations, touch ups, buffing and finishing. | |
| blend**SMART** Blush Brush Head:  Rounded tip designed to effortlessly sweep along the cheek bone for precise application.<br><br>blend**SMART**[2] Blush Brush Head:  Spinning at 190 RPM, its gentle rotating motion effortlessly blends and buffs your blush for natural looking results every time. You can even buff out makeup mistakes. Great for powder and liquid blush, bronzing and highlighting. | Airtouch Blush Brush Head:  Specially designed shape glides easily along cheek bone. *Highlighting/Bronzing/Buffing* |

50.     The Airtouch rotating brush "Instruction Manual", which is provided to customers with the purchase of each Airtouch brush, is confusingly similar, to the blend**SMART** product instructions.  A copy of the Airtouch "Instruction Manual" is attached as Exhibit "A," and copy of the blend**SMART** and blend**SMART**[2] product instructions is attached as Exhibit "B."   For example, the blend**SMART** automated makeup brush system instructions include graphics illustrating how to use the makeup brush to apply liquid makeup and how to blend makeup with the blend**SMART** brush.   The Airtouch product instructions include virtually identical product instructions and graphics.  For example, the Airtouch instructions include a graphic illustrating how to use the Airtouch brush to apply liquid makeup.   The Airtouch instruction manual also includes a graphic showing the customer how to blend makeup using the Airtouch rotating makeup brush.   A side by side comparison shows that Defendant blatantly copied the blend**SMART** automated makeup brush system instructions:

**blendSMART**  (Exhibit B)                    **Airtouch** (Exhibit A)




**blendSMART**  (Exhibit B)                    **Airtouch** (Exhibit A)




51.     Defendant did not just blatantly copy Worth Beauty's product graphics – it also copied the customer instructions on how to apply and blend your liquid makeup and how to apply powder foundation:

**blendSMART**   (Exhibit B)                    **Airtouch**  (Exhibit A)

| **blendSMART**   (Exhibit B) | **Airtouch**  (Exhibit A) |
|---|---|
| APPLY YOUR MAKEUP, pull your hair away from your face. Then choose your favorite makeup.  Never poor liquid makeup on your brush head.  DOT YOUR FACE with a small amount. Less is more!<br><br>For liquid makeup, apply dots to each part of your face.  You can always reapply as needed! | APPLY.  Important, keep hair away from your face using a band or hair tie.  Dot your face with liquid or cream makeup.  Only a small amount is required.  DO NOT pour liquid makeup onto the brush head |

28

| | |
|---|---|
| BLEND YOUR MAKEUP.  FOR BEST RESULTS do not apply in a circular motion . . . let the brush do the work for you!  TURN ON the rotating brush applicator.  START blending your makeup by holding the ergonomic applicator and gliding it slowly across your face.  Side-to-side and up-and-down while applying the necessary pressure to achieve your desired makeup coverage.  AVOID YOUR HAIRLINE AND EYES. | BLEND.  Turn the brush on.  Glide the brush slowly around your face in the direction shown for each area.  Use light pressure with side to side or up and down motion.  DO NOT use a circular motion.  Avoid your lips, hairline, and eyes.  Continue until blended evenly. |
| For powder makeup, in the "off" position, dab the brush head directly into your makeup. Then tap off any excess product. | Ensure the unit is powered off.  Lightly pat the brush head directly into the powder makeup. Blend makeup using the light pressure with side to side or up and down motion.  DO NOT use a circular motion. |

52.     Defendant's copyrighted Airbrush instruction manual (Exhibit "A") also includes a nearly identical graphic featuring and showing how to use its identical interchangeable brush heads with its identical motorized brush handle:

blend**SMART**  (Exhibit B)



**INTERCHANGEABLE BRUSH HEADS**
We offer separate brush heads for powder, blush and more.
Change the brush heads. Not the handle.

Airtouch  (Exhibit A)



53.     The blend**SMART** brush spins at approximately 190 RPM, and that fact is described throughout Worth Beauty's advertising, packaging and other promotional materials. For example, the front of the blend**SMART**[2] brush system product packaging prominently features

the phrase, "spins at 190 RPM for airbrush-like results." Worth Beauty's product videos and website also include references to the fact that the "interchangeable brush heads spin at 190 RPMs."

54. On Defendant's promotional materials for the Airtouch brush, including its instruction manual and product website, Defendant states that the Airtouch brush also spins at "190 RPM", just like the product descriptions of the blend**SMART** automated makeup brush: "Brush head rotates at 190 RPM to apply makeup faster, easier and Streak-free."[25] On the HSN website, Defendant advertises that the Airtouch "base rotates the brush at a full 360 degrees at 190 rotations per minute."[26] During the HSN product presentations, the Airtouch representative and HSN hosts repeatedly state that the Airtouch brush spins or rotates at 190 RPM. However, the Airtouch brush actually spins at 245 RPM, not at 190 RPM as Defendant advertises. This is just another example of Defendant's blatant copying of Worth Beauty's products, advertising, and promotional materials in an effort to sell, advertise, and promote Defendant's counterfeit makeup brush.

55. Defendant's repeated instances of copying clearly demonstrate a continuing intent to deceive the consumer. Such simulation of Worth Beauty's blend**SMART** product instructions, descriptions, and graphics is conclusive evidence of Defendant's intent to deceive the consumer and cause confusion by using numerous aspects of the blend**SMART** automated makeup brush system and the marketing materials for the blend**SMART** product line to simulate the genuine product and take advantage of the reputation of the company that was the first to market.

56. Defendant represents that Taylor Baldwin is the inventor of Defendant's counterfeit automated rotating makeup applicator. On the Airtouch website, Defendant features

---

[25] https://www.airtouchbrush.com/ATRB/2.0000/Index.dtm?sotsid=4073
[26] https://www.hsn.com/products/airtouch-rotating-makeup-brush-with-2-brush-heads/8357139

Taylor Baldwin as "Inventor and Producer."  Defendant represents to the public and consumers that Ms. Baldwin has "long been a trusted name in health and beauty dedicated to seeking out (or inventing) the best products and tips!"[27]  Ms. Baldwin did not invent the Airtouch rotating makeup brush.  The Airtouch brush is a counterfeit product and blatant imitation of the blend**SMART** automated makeup brush that was invented and developed by Carol Martin and Steve Machiorlette.

57.   Worth Beauty has adopted and continuously used the trademark "A revolution in makeup application™" on the blend**SMART** packaging, advertising, website, and promotional materials.  Defendant is now routinely using the same phrase to describe its automatic makeup brush in its marketing efforts and across social media.  For example, Taylor Baldwin opens Defendant's Airtouch product video by stating that the Airtouch brush is a "revolutionary rotating makeup brush that guarantees professional makeup artist results without the expense and time commitment."

58.   The blend**SMART** packaging has featured graphics comprised of a small circular arrow with the phrase "360° brush spin" or "360°" inside.  These graphics are featured on the cover of the front of the blend**SMART**[2] box, the box tops of the interchangeable brush heads, and blend**SMART** website. The front and box of the blend**SMART**[2] box feature a photograph of the automated makeup brush with circular lines rotating around the top of the brush head.  The graphics are intended to emphasize to consumers that the blend**SMART** makeup brush rotates, thus the use of the circular arrow.  On its Airtouch brush website, Defendant has included a graphic comprised of circular rotating lines in the "Airtouch rotating makeup brush" logo, imitating blend**SMART**.  The graphics are shown below:

---

[27] https://www.airtouchbrush.com/ATRB/2.0000/Index.dtm?sotsid=4073

**blendSMART**




**Airtouch**



59.     The use of the circular rotating lines was copied from the blend**SMART** packaging and advertising and is intended to confuse the Airtouch brush with the blend**SMART** brush system.  Defendant is deliberately trying to mislead and confuse potential customers and the market regarding the competing brushes, and thereby trade off of and gain an economic advantage from blend**SMART'S** success and goodwill.

60.     In Defendant's online video presentation on the Airtouch website and in its infomercials for the Airtouch brush, Defendant states that its Airtouch rotating brush, along with a bonus powder brush head, is "only $39.95" and that the products are "an $80.00 value." During its HSN product presentations, the Airtouch representative and HSN hosts repeatedly represent that "normally these rotating brushes are expensive, about one hundred dollars," but the Airtouch brush is only $39.95.  Defendant is referencing Worth Beauty's blend**SMART** automated makeup brush systems that retails for $69.00 for a starter set, including the motorized

brush and universal foundation head and $26.00 for an additional interchangeable brush head. Defendant's statements and representations regarding the value and price of the Airtouch brush are intended to deceive customers, potential customers, vendors, potential vendors, and/or end users into thinking (1) that Defendant and/or its products are somehow approved, sponsored, licensed by, or affiliated with, Worth Beauty; and/or (2) that the Airtouch brush and the blend**SMART** automated makeup brush systems are the same when the two brushes are not of the same origin and are not comparable in terms of quality and performance.

61.     Worth Beauty has expended significant time, money, and resources in ensuring that its blend**SMART** product meets the highest quality standards.  The price point and product placement reflects that; and therefore, Worth Beauty has carefully chosen upscale retail stores and web retailers that reflect the intended brand direction of the blend**SMART** automated makeup brush systems.

62.     Defendant's systemic and repeated unauthorized use of Worth Beauty's intellectual property for a directly copied makeup brush, provided to the same class of customers, through similar marketing channels, has caused confusion and is likely to continue to cause confusion in the future.  The Defendant's actions tend to cause mistakes, and/or to deceive customers, potential customers, vendors, potential vendors, and/or end users into thinking that Defendant and/or its products are somehow approved, sponsored, licensed by, or affiliated with, Worth Beauty.

63.     Worth Beauty's blend**SMART** and blend**SMART**[2] automated makeup systems and Defendant's Airtouch brush system are marketed and sold to the same prospective customer base and through the same channels of trade, including televised shopping networks and the internet. Customers, potential customers, vendors, potential vendors, and/or end users are likely to

mistake and/or be confused about the source, sponsorship, origin and affiliation of Defendant's Airtouch makeup brush based on Defendant's use of Worth Beauty's blend**SMART** intellectual property, including trade dress, trademarks, and copyright protected packing and advertising and promotional materials.

64.    Customers who are dissatisfied with Defendant's product are likely to attribute their dissatisfaction to Worth Beauty's product, thereby eroding the goodwill Worth Beauty enjoys with the purchasing public.  Comments on the Airtouch product page on the HSN website show that customers are unhappy with the quality of the Airtouch rotating makeup brush system. Some examples are:

- "This brush is cheaply made, and it doesn't blend out nicely at all.  I will be returning it unfortunately."

- "Needs improvements.  Poor quality brushes, they actually hurt around the eye area. Returning."

- "Didn't Work. . . .  The brush barely turned and each time I put it on my face, it stopped. Either it is not powerful enough, or the battery isn't strong enough.  After using 4 times, the battery died completely.  I returned the product."

- "Not worth it.  This was a waste of money, it leaves streaks on my face and I have to go over my foundation with a regular blending brush. It reminds me of painting wood and seeing the brush strokes on it."

- "Fail.  Worked for 5 minutes. Good concept, bad execution."

65.    Customers and potential customers have noted and reported similarities between Worth Beauty's blend**SMART** and blend**SMART**[2] automated makeup systems and Defendant's Airtouch brush system, packaging, product inserts and instructions, and promotional materials, and have been confused as a result of Defendant's use of Worth Beauty's [1]ntellectual property, including trade dress, trademark, and copyright protected packing and advertising and promotional materials.

66.     Defendant's unauthorized activities undermine Worth Beauty's goodwill that would be otherwise associated with the blend**SMART** and blend**SMART**$^2$ product lines.  This has negatively impacted Worth Beauty's ability to develop and promote the blend**SMART** brand and to have that brand associated exclusively with its own products.   Worth Beauty has been damaged by Defendant's violation of Worth Beauty's blend**SMART** and blend**SMART**$^2$ intellectual property rights.

67.     Defendant's Airtouch makeup brush system is intentionally and confusingly similar to Worth Beauty's blend**SMART** and blend**SMART**$^2$ automated makeup brush systems. Defendant's packaging, product instructions and inserts, and promotional and advertising materials are intentionally and confusingly similar, and in many case virtually identical, to Worth Beauty's packaging, product instructions and inserts, and promotional and advertising materials for the blend**SMART** and blend**SMART**$^2$ automated makeup brush systems.   Defendant did not just use Worth Beauty's products and advertising as inspiration.   Rather, Defendant copied Worth Beauty's automated makeup brush systems and its product packaging and instructions trademarks, and advertising and promotional materials.   Defendant's infringement of Worth Beauty's intellectual property rights is willful and deliberate.

## V.     CAUSES OF ACTION

### COUNT I:  FEDERAL TRADE DRESS INFRINGEMENT

68.     Worth Beauty refers to and incorporates herein the allegations of Paragraphs 1 through above.

69.     Defendant's advertisements, promotions, offers to sell, sales, and/or distribution of infringing products as set forth above constitute infringement of Worth Beauty's trade dress, in direct competition with Worth Beauty and violate § 43 of the Lanham Act, 15 U.S.C. §1125(a)

by infringing Worth Beauty's trade dress.  Defendant's use of Worth Beauty's trade dress and/or colorable imitations thereof is likely to cause confusion, mistake, or deception as to the affiliation, connection, and/or association of Defendant with Worth Beauty and as to the origin, sponsorship, and/or approval of Defendant's infringing products, at least by creating the false and misleading impression that its infringing products are manufactured by, authorized by, or otherwise associated with Worth Beauty.

70.     Worth Beauty's trade dress is entitled to protection under the Lanham Act.  Worth Beauty's trade dress includes unique, distinctive, and non-functional designs.  Worth Beauty has extensively and continuously promoted and used its trade dress in the United States and the State of Texas.  Through that extensive and continuous use, Worth Beauty's trade dress has become a well-known and famous indicator of the origin and quality of Worth Beauty's automated makeup brush systems.   Worth Beauty's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, Worth Beauty's trade dress acquired this secondary meaning before Allstar commenced its unlawful use of Worth Beauty's trade dress in connection with the infringing products.

71.     Defendant's use of Worth Beauty's trade dress has caused and, unless enjoined, will continue to cause substantial and irreparable injury to Worth Beauty for which Worth Beauty has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with Worth Beauty's trade dress with the blend**SMART** automated makeup brush systems.

72.     Defendant's use of Worth Beauty's trade dress and colorable imitations thereof has been intentional, willful, and malicious.  Defendant's bad faith is evidence at least by the

similarity of the infirming products to Worth Beauty's trade dress, as demonstrated above, and by Defendant's continuing disregard for Worth Beauty's rights.

73.     Further, as a result of such infringement, Defendant has made unjust profits and ill-gotten gains from the marketing, promotion, distribution, and sale of its products by trading on the intellectual property associated with Worth Beauty's products, including Worth Beauty's trade dress.

74.     Worth Beauty is entitled to injunctive relief, and Worth Beauty is entitled to recover at least Defendant's profits, Worth Beauty's actual damages, enhanced damages, cots, and reasonable attorneys' fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

## COUNT II:  FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

75.     Worth Beauty refers to and incorporates herein the allegations in Paragraphs 1 through 74 above.

76.     Defendant's advertisements, promotions, offers to sell, sales, and/or distribution of infringing products as set forth above constitute infringement of Worth Beauty's trade dress, in direct competition with Worth Beauty, violate § 43 of the Lanham Act, 15 U.S.C. §1125(a), and constitute unfair competition and false designation of origin.  Defendant has obtained an unfair advantage as compared to Worth Beauty through Defendant's use of Worth Beauty's trade dress, and such uses have caused and are likely to cause confusion, mistake, or deception in that purchasers and others are likely to assume that Defendant's automated makeup brushes marketed under Worth Beauty's trade dress are Worth Beauty's automated makeup brushes, or are sponsored by, or connected or affiliated with Worth Beauty or its automated makeup brush systems.

37

77.     Defendant has intentionally engaged in conduct that constitutes false advertising, false designation of origin, false or misleading representation of fact tending wrongfully and falsely to describe or represent a connection between Worth Beauty's automated makeup brush systems and Defendant's automated makeup brush, and an infringement of Worth Beauty's trade dress rights.

78.     Defendant's use of Worth Beauty's trade dress has caused and is likely to cause confusion, mistake, or deception in that purchasers and others are likely to assume that Defendant's automated makeup brushes marketed under Worth Beauty's trade dress are Worth Beauty's automated makeup brushes, or are sponsored by, or connected or affiliated with Worth Beauty or its blend**SMART** makeup applicators.

79.     Worth Beauty's trade dress is entitled to protection under the Lanham Act.  Worth Beauty's trade dress includes unique, distinctive, and non-functional designs.  Worth Beauty has extensively and continuously promoted and used its trade dress in the United States and the State of Texas.  Through that extensive and continuous use, Worth Beauty's trade dress has become a well-known and famous indicator of the origin and quality of Worth Beauty's automated makeup brush systems.   Worth Beauty's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, Worth Beauty's trade dress acquired this secondary meaning before Allstar commenced its unlawful use of Worth Beauty's trade dress in connection with the infringing products.

80.     Defendant's use of Worth Beauty's trade dress has caused and, unless enjoined, will continue to cause substantial and irreparable injury to Worth Beauty for which Worth Beauty has no adequate remedy at law, including at least substantial and irreparable injury to the

goodwill and reputation for quality associated with Worth Beauty's trade dress with the blend**SMART** automated makeup brush systems.

81.      Defendant's use of Worth Beauty's trade dress and colorable imitations thereof has been intentional, willful, and malicious.  Defendant's bad faith is evidence at least by the similarity of the infirming products to Worth Beauty's trade dress, as demonstrated above, and by Defendant's continuing disregard for Worth Beauty's rights.

82.      Further, as a result of such infringement, Defendant has made unjust profits and ill-gotten gains from the marketing, promotion, distribution, and sale of its products by trading on the intellectual property associated with Worth Beauty's products, including Worth Beauty's trade dress.

83.      Worth Beauty is entitled to injunctive relief, and Worth Beauty is entitled to recover at least Defendant's profits, Worth Beauty's actual damages, enhanced damages, cots, and reasonable attorneys' fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

### COUNT III:   COMMON LAW TRADE DRESS INFRINGEMENT

84.      Worth Beauty refers to and incorporates herein the allegations in Paragraph 1 through 83 above.

85.      Defendant's advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products, in direct competition with Worth Beauty constitute common law trade dress infringement, at least because Defendant's use of Worth Beauty's trade dress and/or colorable imitations thereof is likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of its infringing products, at least by creating the false and misleading impression that its infringing products are manufactured by, authorized by, or otherwise associated with Worth Beauty.

86.     Worth Beauty's trade dress is entitled to protection under common law.  Worth Beauty's trade dress includes, unique, distinctive, and non-functional designs.  Worth Beauty has extensively and continuously promoted and used its trade dress in the United States and the State of Texas.  Through that extensive and continuous use, Worth Beauty's trade dress has become a well-known indicator of the origin and quality of Worth Beauty's automated makeup brush systems.   Worth Beauty's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, Worth Beauty's trade dress acquired this secondary meaning before Allstar commenced its unlawful use of Worth Beauty's trade dress in connection with the infringing products.

87.     Defendant's use of Worth Beauty's trade dress has caused and, unless enjoined, will continue to cause substantial and irreparable injury to Worth Beauty for which Worth Beauty has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with Worth Beauty's trade dress with the blend**SMART** automated makeup brush systems.

88.     Defendant's use of Worth Beauty's trade dress and colorable imitations thereof has been intentional, willful, and malicious.  Defendant's bad faith is evidence at least by the similarity of the infirming products to Worth Beauty's trade dress, as demonstrated above, and by Defendant's continuing disregard for Worth Beauty's rights.

89.     Further, as a result of such infringement, Defendant has made unjust profits and ill-gotten gains from the marketing, promotion, distribution, and sale of its products by trading on the intellectual property associated with Worth Beauty's products, including Worth Beauty's trade dress.

90.     Worth Beauty is entitled to injunctive relief, and Worth Beauty is entitled to recover at least Defendant's profits, Worth Beauty's damages, punitive damages, costs, and reasonable attorneys' fees.

### COUNT IV:  FEDERAL TRADEMARK INFRINGEMENT

91.     Worth Beauty refers to and incorporates herein the allegations in Paragraphs 1 through 90 above.

92.     Defendant's actions and conduct set forth above violate Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).   Defendant's advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products, in direct competition with Worth Beauty, constitute trademark infringement in violation of federal law.   Defendant has marketed, promoted, distributed, offered for sale, and sold its Airtouch brush using Worth Beauty's trademarks, including "A Revolution in Makeup Application."  Although unregistered, the mark is legally protectable.   As a result of Defendant's unauthorized use of trademarks that are confusingly similar to Worth Beauty's registered mark, the public is likely to believe that Defendant's products have been manufactured, approved by, or are affiliated with Worth Beauty and the blendSMART product lines.

93.     Defendant's unauthorized use of Worth Beauty's trademarks and/or colorable imitations thereof is likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of its infringing products, at least by creating the false and misleading impression that its infringing products are manufactured by, authorized by, or otherwise associated with Worth Beauty.  Defendant's unauthorized activities undermine Worth Beauty's goodwill and negatively impact Worth Beauty's ability to develop and promote the blendSMART brand and to have that brand associated exclusively with its own products.

41

94. As a result of such infringement, Worth Beauty has suffered, and will continue to suffer, substantial damages. Further, as a result of such infringement, Defendant has made unjust profits and ill-gotten gains from the marketing, promotion, distribution, and sale of its products. Worth Beauty is entitled to recover damages, including any and all profits Defendant has made as a result of its conduct.

95. In addition, because Defendant's infringement is willful, the award of damages and profits should be trebled pursuant to 15 U.S.C. § 1117(a).

### COUNT V:  COMMON LAW TRADEMARK INFRINGEMENT

96. Worth Beauty refers to and incorporates herein the allegations in Paragraphs 1 through 95 above.

97. Defendant's advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products, in direct competition with Worth Beauty, constitute trademark infringement in violation of federal and Texas common law. Defendant has marketed, promoted, distributed, offered for sale, and sold its Airtouch brush using Worth Beauty's trademarks, including "A Revolution in Makeup Application." Although unregistered the mark is legally protectable. As a result of Defendant's unauthorized use of trademarks that are confusingly similar to Worth Beauty's registered mark, the public is likely to believe that Defendant's products have been manufactured, approved by, or are affiliated with Worth Beauty and the blend**SMART** product lines.

98. Defendant's unauthorized use of Worth Beauty's trademarks and/or colorable imitations thereof is likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of its infringing products, at least by creating the false and misleading impression that its infringing products are manufactured by, authorized by, or otherwise

associated with Worth Beauty.  Defendant's unauthorized activities undermine Worth Beauty's goodwill and negatively impact Worth Beauty's ability to develop and promote the blend SMART brand and to have that brand associated exclusively with its own products.

99.     As a result of such infringement, Worth Beauty has suffered, and will continue to suffer, substantial damages.  Further, as a result of such infringement, Defendant has made unjust profits and ill-gotten gains from the marketing, promotion, distribution, and sale of its products.  Worth Beauty is entitled to recover at least Worth Beauty's damages, Defendant's profits, costs, and reasonable attorneys' fees.

### COUNT VI:  COMMON LAW UNFAIR COMPETITION

100.    Worth Beauty refers to and incorporates herein the allegations in Paragraphs 1 through 99 above.

101.    Defendant's conduct and actions set forth above constitute unfair competition in violation of the common law of Texas, at least by palming/passing off of Defendant's goods; by simulating Worth Beauty's trade dress in an intentional and calculated manner that is likely to cause consumer confusion as to origin and/or sponsorship/affiliation of Defendant's infringing products; by using similar trademarks, copyrights, marks, product packaging, product inserts and instructions, product descriptions, and other advertising, as described above, that is likely to cause consumer confusion as to origin and/or sponsorship/affiliation of Defendant's infringing products; and by creating the false and misleading impression that its infringing products are manufactured by, authorized by, or otherwise associated with Worth Beauty.  Defendant has also interfered with Worth Beauty's business.

102.    As a result of such unfair competition, Worth Beauty has suffered damages and sustained injury to its goodwill and business reputation symbolized by Worth Beauty's

intellectual property, including Worth Beauty's trade dress, trademarks, marks, copyrights, product packaging, product inserts and instructions, product descriptions, and other advertising, as described above.  Defendant's unauthorized activities undermine Worth Beauty's goodwill and negatively impact Worth Beauty's ability to develop and promote the its automated makeup brush systems

103.   Defendant's use of Worth Beauty's trade dress and colorable imitations thereof, and Worth Beauty's Worth Beauty's trademarks, marks, copyrights, product packaging, product inserts and instructions, product descriptions, and other advertising, as described above, has been intentional, willful, and malicious.  Defendant's bad faith is evidence at least by the similarity of the infirming products to Worth Beauty's trade dress, as demonstrated above, by Defendant's use of similar, if not identical, trademarks, marks, copyrights, product packaging, product inserts and instructions, product descriptions, and other advertising, as described above, and by Defendant's continuing disregard for Worth Beauty's rights.

104.   Further, as a result of such infringement, Defendant has made unjust profits and ill-gotten gains from the marketing, promotion, distribution, and sale of its products by trading on the intellectual property associated with Worth Beauty's products, including Worth Beauty's trade dress, trademarks, marks, copyrights, product packaging, product inserts and instructions, product descriptions, and other advertising, as described above

105.   Worth Beauty is entitled to injunctive relief, and Worth Beauty is entitled to recover at least Defendant's profits, Worth Beauty's damages, punitive damages, costs, and reasonable attorneys' fees.

## COUNT VII:  COMMON LAW MISAPPROPRIATION

106.    Worth Beauty refers to and incorporates herein the allegations in Paragraphs 1 through 105 above.

107.    Defendant's advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products as described above, in direct competition with Worth Beauty Defendant's conduct and actions set forth above constitute common law misappropriation.

108.    Worth Beauty created its automated makeup brush systems through extensive time, labor, effort, skill, and money.  Defendant has wrongfully used Worth Beauty's products, and/or colorable imitations thereof, in competition with Worth Beauty and gained a special advantage because Defendant was not burdened with the expenses incurred by Worth Beauty. Defendant has also wrongfully used Worth Beauty's trademarks, marks, copyrighted protected materials, product packaging, product inserts and instructions, product descriptions, and other advertising, as described above.  Defendant has commercially damaged Worth Beauty, at least by causing consumer confusion as to the origin and/or sponsorship/affiliation of Defendant's infringing products, by creating the false and misleading impression that its infringing products are manufactured by, authorized by, or otherwise associated with Worth Beauty, and by taking away sales that Worth Beauty would have made.

109.    Defendant's use of Worth Beauty's trade dress and colorable imitations thereof, and other intellectual property has been intentional, willful, and malicious.  Defendant's bad faith is evidence at least by the similarity of the infirming products to Worth Beauty's trade dress, as demonstrated above, by the similarity of Defendant's product instructions and inserts, product instructions, and marks to Worth Beauty's trademarks, marks, copyrighted protected materials,

product packaging, product inserts and instructions, product descriptions, and other advertising, as described above, and  by Defendant's continuing disregard for Worth Beauty's rights.

110.    Further, as a result of such infringement, Defendant has made unjust profits and ill-gotten gains from the marketing, promotion, distribution, and sale of its products by trading on the intellectual property associated with Worth Beauty's products.

111.    Worth Beauty is entitled to injunctive relief, and Worth Beauty is entitled to recover at least Defendant's profits, Worth Beauty's damages, punitive damages, costs, and reasonable attorneys' fees.

**COUNT VIII: TRADE DRESS DILUTION UNDER TEX. BUS. & COM. CODE § 16.103**

112.    Worth Beauty refers to and incorporates herein the allegations in Paragraphs 1 through 111 above.

113.    Defendant's offers to sell, sales, distribution, and/or advertisement of violate Section 16.103 of the TEXAS BUSINESS & COMMERCE CODE.

114.    Defendant's advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products, in direct competition with Worth Beauty constitute common law trade dress infringement, at least because Defendant's use of Worth Beauty's trade dress and/or colorable imitations thereof is likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of its infringing products, and at least by creating the false and misleading impression that its infringing products are manufactured by, authorized by, or otherwise associated with Worth Beauty.

115.    Worth Beauty's trade dress is entitled to protection under Texas law.   Worth Beauty's trade dress includes, unique, distinctive, and non-functional designs.  Worth Beauty has extensively and continuously promoted and used its trade dress in the United States and in Texas.

46

Through that extensive and continuous use, Worth Beauty's trade dress has become a well-known indicator of the origin and quality of Worth Beauty's automated makeup brush systems. Worth Beauty's trade dress has also acquired substantial secondary meaning in the marketplace in the United States and in Texas.  Moreover, Worth Beauty's trade dress acquired this secondary meaning before Allstar commenced its unlawful use of Worth Beauty's trade dress in connection with the infringing products.

116.    Defendant's use of Worth Beauty's trade dress has caused and, unless enjoined, will continue to cause substantial and irreparable injury to Worth Beauty for which Worth Beauty has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with Worth Beauty's trade dress with the blend**SMART** automated makeup brush systems.

117.    Defendant's use of Worth Beauty's trade dress and colorable imitations thereof has been intentional, willful, and malicious.  Defendant's bad faith is evidence at least by the similarity of the infirming products to Worth Beauty's trade dress, as demonstrated above, and by Defendant's continuing disregard for Worth Beauty's rights.

118.    Further, as a result of such infringement, Defendant has made unjust profits and ill-gotten gains from the marketing, promotion, distribution, and sale of its products by trading on the intellectual property associated with Worth Beauty's products, including Worth Beauty's trade dress.

119.    Worth Beauty is entitled to injunctive relief, and Worth Beauty is entitled to recover at least Defendant's profits, Worth Beauty's damages, punitive damages, costs, and reasonable attorneys' fees under at least TEX. BUS. & COM. CODE §16.104.

COUNT IX:  UNJUST ENRICHMENT

120.    Worth Beauty refers to and incorporates herein the allegations in Paragraphs 1 through 119 above.

121.    Defendant has made unjust profits from the sale of its good by trading on the intellectual property associated with Worth Beauty's automated makeup brush system, including Worth Beauty's trade dress, trademarks, and copyrights.

122.    Defendant's conduct and actions set forth above constitute unjust enrichment under the common law of Texas.

123.    Worth Beauty is entitled to disgorgement of the unjust profits made by Defendant.

COUNT X:  ADVERTISING INJURY THROUGH MISAPPROPRIATION
OF ADVERTISING IDEAS

124.    Worth Beauty refers to and incorporates herein the allegations in Paragraphs 1 through 123 above.

125.    Defendant has advertised its Airtouch automatic makeup brush in the same manner as Worth Beauty, misappropriating the advertising ideas of Worth Beauty.

126.    Defendant has used Worth Beauty's copyrights, trademarks, trade dress, website, packaging, product instructions, and promotional and advertising materials, to market and promote a product Defendant distributes and sells to compete with Worth Beauty's blendSMART brushes.  As a result, Worth Beauty has been damaged and continues to suffer damage as a result of Defendant's continued wrongful conduct.

## VI.   JURY TRIAL

127.    Pursuant to Fed. R. Civ. P. 38 and 39, Worth Beauty hereby demands a trial by jury.

48

## VII.   PRAYER

WHEREFORE, Plaintiff Worth Beauty LLC prays that the Court grant the following relief against Defendant Allstar Products Group LLC:

A.      Judgment in favor of Plaintiff Worth Beauty LLC and against Defendant Allstar Products Group LLC;

B.      All damages sustained by Worth Beauty LLC in an amount to be determined at trial based on Defendant's infringement of Worth Beauty LLC's trademark, infringement of Worth Beauty's distinctive trade dress in overall appearance of its automated makeup brush systems and associated packaging and marketing, false designation of origins, descriptions, and representation of their automated makeup brush, and acts of unfair competition against Worth Beauty LLC;

C.      Damages awarded under 15 U.S.C. § 1117(a) in the amount of total profits received by Defendant from, and any damages sustained by Worth Beauty LLC as a result of, Defendant's sales of products infringing Worth Beauty LLC's trademarks or trade dress, in an amount to be determined at trial;

D.      Enhanced damages awarded under  15 U.S.C. § 1117(a) up to three times the amount found as actual damages for Defendant's trademark and trade dress infringement and false designations of origins, descriptions, and representations in an amount to be determined at trial;

E.      Damages in the amount of total profits received by Defendant from, and any damages sustained by Worth Beauty LLC as a result of, Defendant's common law trade dress infringement, common law trademark infringement, unfair competition, and unjust enrichment in an amount to be determined at trial;

F.      Award of Interest and costs; and

G.      Such other and further relief as is just and proper.

Respectfully submitted

ANDERSON & CUNNINGHAM, P.C.

*/s/ David K. Anderson*
David K. Anderson
david@andersonlawfirm.com
SBT No. 01174100
Julie B. Cunningham
julie@andersonlawfirm.com
SBT No. 05240700
Four Houston Center
1221 Lamar, Suite 1115
Houston, Texas 77010
Telephone: 713-655-8400
FAX: 713-655-0260
**ATTORNEYS FOR PLAINTIFF**
**WORTH BEAUTY LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was filed electronically pursuant to Local Rule 5.1 and that a copy of this document was served upon all counsel of record pursuant to the Federal Rules of Civil Procedure and Local Rule 5.1 via the Court's CM/ECF on this 25[h] day of August, 2017.

*/s/ David K. Anderson*
David K. Anderson