IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WORTH BEAUTY LLC, | § | |
| | § | |
| *Plaintiff*, | § | CASE NO. 4:17-cv-01682 |
| v. | § | |
| | § | |
| ALLSTAR PRODUCTS GROUP, LLC AND | § | (JUDGE NANCY F. ATLAS) |
| ALLSTAR MARKETING GROUP, LLC | § | |
| | § | JURY TRIAL REQUESTED |
| *Defendants*. | § | |

## **PLAINTIFF/COUNTER-DEFENDANT'S ORIGINAL ANSWER AND REPLY TO ALLSTAR DEFENDANTS' COUNTERCLAIMS**

Plaintiff Worth Beauty ("Worth Beauty" or "Plaintiff"), hereby files its Answer and Reply to Defendants Allstar Products Group, LLC and Allstar Marketing Group, LLC's ("Defendants") Counterclaims against Worth Beauty (Dkt. #32).  Worth Beauty's responses herein are based on the knowledge and information available to it at the time of filing.  Worth Beauty reserves the right to amend its Answer as necessary to conform to any additional information it may obtain as a result of its investigations or discovery in this case.  In answer to the numbered paragraphs of Defendants' Counterclaims against Worth Beauty ("Counterclaims"), Worth Beauty states as follows:

### Original Counterclaim

1.     The introductory paragraph does not require a response in that it simply states that Defendants assert the Counterclaims against Worth Beauty.  To the extent that a response is deemed required, Worth Beauty admits that Defendants purport to assert their Counterclaims for declaratory judgment.  Worth Beauty denies that the Counterclaims set forth any viable causes of action or that Defendants are entitled to any relief whatsoever.

## The Parties

2. Worth Beauty is without sufficient knowledge or information to categorically admit or deny the allegations in Paragraph 1, although Worth Beauty believes the statements in Paragraph 1 to be true.

3. Worth Beauty is without sufficient knowledge or information to categorically admit or deny the allegations in Paragraph 2, although Worth Beauty believes the statements in Paragraph 1 to be true.

4. In response to Paragraph 3, Worth Beauty admits that it is a Virginia limited liability company and that its principal place of business is Houston, Texas.

## Jurisdiction and Venue

5. Paragraph 4 states conclusions of law to which no response is required. To the extent that a response is deemed required, Worth Beauty denies that the Counterclaims have any merit. Worth Beauty admits that jurisdiction is proper in this Court. Worth Beauty denies any further allegation in Paragraph 4.

6. In response to Paragraph 5, Worth Beauty admits that venue is proper in this division and district.

7. In response to Paragraph 6, Worth Beauty admits that for purposes of the instant action, this Court has personal jurisdiction over Worth Beauty. To the extent there are further allegations in Paragraph 6, they are denied.

## Counterclaim I: Declaratory Judgment of Invalidity (Copyrights)

8. In response to Paragraph 7, Worth Beauty incorporates all previously stated admissions and denials as addressed to each specific allegation as set forth above.

9. Worth Beauty admits that it owns both registered and unregistered copyrights in

and related to the packaging, instructions, videos, and website for its blendSMART automated makeup brush, blendSMART brush heads, and accessories, including Service Request No. 1-5769375071, Service Request No. 1-4336903021, Service Request No. 1-5769375195, Service Request No. 1-5779166711, Service Request No. 1-5766150401, Service Request No. 1-5769558494, and US. Copyright Reg. No. VA2-066-580. Worth Beauty admits that it has asserted claims for copyright infringement in its Second Amended Complaint. Worth Beauty denies the remaining allegations in Paragraph 8.

10.     In response to Paragraph 9, Worth Beauty denies that its copyrights are invalid. Worth Beauty denies that Defendants are entitled to declaratory judgment as alleged in Paragraph 9.

### Counterclaim II: Declaratory Judgment of Invalidity (Trademarks)

11.     In response to Paragraph 10, Worth Beauty incorporates all previously stated admissions and denials as addressed to each specific allegation as set forth above.

12.     In response to Paragraph 11, Worth Beauty admits that it owns trademarks, including "A Revolution in Makeup Application" and "Natural Looking Results with Confidence."  Worth Beauty admits that it has asserted claims for trademark infringement in its Second Amended Complaint. Worth Beauty denies the remaining allegations in Paragraph 11.

13.     In response to Paragraph 12, Worth Beauty denies that its trademarks are invalid. Worth Beauty denies that Defendants are entitled to declaratory judgment as alleged in Paragraph 12.

### Counterclaim III: Declaratory Judgment of Invalidity (Trade Dress)

14.     In response to Paragraph 13, Worth Beauty incorporates all previously stated admissions and denials as addressed to each specific allegation as set forth above.

15. In response to Paragraph 14, Worth Beauty admits that it owns trade dress as described and alleged in Plaintiff's Second Amended Complaint. Worth Beauty denies the remaining allegations in Paragraph 14.

16. In response to Paragraph 15, Worth Beauty denies that its trade dress is invalid. Worth Beauty denies that Defendants are entitled to declaratory judgment as alleged in Paragraph 15.

## DEFENDANTS/COUNTER-PLAINTIFFS' PRAYER FOR RELIEF

17. Worth Beauty denies that Defendants are entitled to any judgment or relief in its favor, including the relief requested in the Prayer for Relief, Paragraphs (A)-(G). Worth Beauty requests that the Court enter judgment in Worth Beauty's favor on all claims and award Worth Beauty reasonable costs and attorneys' fees and any further relief as the Court may deem appropriate.

## WORTH BEAUTY'S GENERAL DENIAL

18. Worth Beauty denies each and every allegation of the Counterclaims that is not expressly admitted or to which Worth Beauty has not specifically responded.

## WORTH BEAUTY'S AFFIRMATIVE DEFENSES

By characterizing these as "Affirmative Defenses," Worth Beauty is not taking on any burden of proof beyond that which the law applies to it. Without assuming any burden of proof that it would not otherwise bear under applicable law, Worth Beauty asserts the following:

19. Defendants' Counterclaims, in whole or in part, fail to state a claim upon which relief can be granted, as no factual allegations have been pleaded in support of Defendants' claims under Federal Rules of Civil Procedure 8.

20. Defendants' Counterclaims fail to state a claim for which relief can be granted because they are merely defenses directed at an element of Worth Beauty's claims, and are not proper counterclaims.

21. Defendants' Counterclaims are bared, in whole or in part, under the doctrine of unclean hands.

22. Defendants are not entitled to any relief whatsoever because Worth Beauty's conduct was reasonable, justified, undertaken in good faith, and/or innocent, and Worth Beauty did not directly or indirectly undertake or fail to undertake any action in violation of law.

23. Defendants' Counterclaims are barred by the doctrines of laches.

24. Defendants' Counterclaims are barred by waiver, acquiescence, and/or estoppel.

25. Defendants' Counterclaims are barred, in whole or in part, by the past actions, activities, statements, and omissions of Defendants and/or their affiliates.

26. Defendants' Counterclaims in whole or in part have been filed for an improper purpose and lack a reasonable and good faith basis in fact.

27. Defendants' Counterclaims are barred, in whole or in part, because, upon information and belief, Defendants knew through due diligence performed by Defendants or their affiliates, and/or other information available to Defendants that Worth Beauty's copyrights, trademarks, and trade dress are valid, and Defendants have filed their Counterclaims in bad faith in an attempt to misappropriate and misuse Worth Beauty's intellectual property.

28. Defendants' Counterclaims are duplicative of their affirmative defenses. The Counterclaims for declaratory judgment seek the opposite effect of Plaintiff's Second Amended Complaint and/or are redundant of the substantive issues raised in Defendants' affirmative

defenses, and therefore, a separate declaratory judgment action is unnecessary to resolve the issues set forth in the Counterclaims.

29.     Worth Beauty provides notice that it intends to rely upon any additional defenses that become available or apparent during discovery, and reserves its right to amend this pleading and to assert such additional defenses as discovery proceeds.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Worth Beauty LLC, requests (a) that Defendants Allstar Products Group LLC and Allstar Marketing Group LLC take nothing by virtue of their Counterclaims; (b) that the Court dismiss with prejudice Defendants Allstar Products Group LLC and Allstar Marketing Group LLC's Counterclaims and deny all relief sought by Defendants; (c) that judgment be entered in favor of Plaintiff Worth Beauty LLC and against Defendants Michael Todd Beauty LP and MTTO LLC; (d) that the Court award Plaintiff Worth Beauty LLC its costs, expenses, and attorneys' fees incurred in this matter; and (e) that the Court grant such other and further relief as is just and proper.

Respectfully submitted

*/s/Julie B. Cunningham*
David K. Anderson (Attorney-in-Charge)
david@andersonlawfirm.com
SBT No. 01174100
SDT No. 7405
Julie B. Cunningham
julie@andersonlawfirm.com
SBT No. 05240700
SDT No. 15051
ANDERSON & CUNNINGHAM, P.C.
Four Houston Center
1221 Lamar, Suite 1115
Houston, Texas 77010
Telephone: 713-655-8400
FAX: 713-655-0260

**ATTORNEYS FOR PLAINTIFF**
**WORTH BEAUTY LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was filed electronically pursuant to Local Rule 5 and that a copy of this document was served upon all counsel of record pursuant to the Federal Rules of Civil Procedure and Local Rule 5 via the Court's CM/ECF on this 22nd day of March 2018.

*/s/ Julie B. Cunningham*
Julie B. Cunningham